## HOLMGREN *v.* UNITED STATES.

CERTIORARI TO THE COURT OF APPEALS FOR THE NINTH
CIRCUIT.

No. 132.   Argued March 9, 1910.—Decided May 16, 1910.

The validity, under Art. I, § 8, cl. 4, of the Constitution, of the acts of Congress regulating naturalization of aliens and authorizing naturalization proceedings in state as well as Federal courts, has never been questioned.

Although Congress may not create courts for the States, it may authorize a state court to enforce in a prescribed manner a Federal statute relating to a matter within Federal control; and may punish the offense of perjury if committed in such a proceeding in a state court, as well as in a Federal court.

One falsely swearing in a naturalization proceeding, whether in a state or in a Federal court, is punishable under § 5395, Rev. Stat.

The Revised Statutes were compiled under authority of the act of Congress of June 27, 1866, c. 140, 14 Stat. 75, the purpose of which was revision and codification and not the creation of a new system of laws; and the courts will not infer, in the absence of clearly expressed intent, that Congress in adopting the Revised Statutes intended to change the policy of the laws, *United States* v. *Rider,* 110 U. S. 729; and so held that §§ 5395 and 5429, adopted from the act of July 14, 1870, c. 254, 16 Stat. 254, in regard to naturalization, should be construed so as to continue to include the penalties for perjury in all naturalization proceedings notwithstanding that, owing to rearrangement, § 5395 was not one of the five preceding sections to § 5429, as was its corresponding section in the act of 1870 to the corresponding section in that act from which § 5429 was taken.

An objection to the jury taking an indictment with indorsement of prior conviction thereon into the jury-room should be taken at the trial. If not taken until the motion for new trial, it cannot be reviewed on error.

Although this court may, under Rule 35, notice a plain error not assigned, it will not exercise the authority, if the error did not prejudice plaintiff in error; and so held in this case in regard to the objection that the jury had taken into the jury-room an indictment

with indorsement thereon of former conviction, it also having the indorsement thereon of the granting of a new trial.

An objection that a count in the indictment does not charge a crime because the wrong name was written in at one point by mistake must be taken in the demurrer or on the trial; unless it substantially affected the rights of the accused it comes too late in this court for the first time.

While the court should caution the jury against relying on uncorroborated testimony of an accomplice, it cannot assume as a fact, when controverted, that a witness was an accomplice and that his testimony required corroboration.

156 Fed. Rep. 439, affirmed.

THE facts, which involve the validity of a conviction for perjury under § 5395, Rev. Stat., for false swearing in a naturalization proceeding in a state court, are stated in the opinion.

*Mr. Marshall B. Woodworth* for petitioner, submitted:

The offense, if any, was committed in a state court. Federal courts have no jurisdiction of the crime of perjury committed in state courts. *United States v. Babcock,* 4 McLean, 113; and see cases and statutes cited in dissenting opinion of Ross, J., in *Schmidt v. United States,* 133 Fed. Rep. 257.

Criminal statutes should not be extended by implication. *Todd v. United States,* 158 U. S. 292; *Bolles v. Outing Co.,* 175 U. S. 262; *United States v. Harris,* 177 U. S. 305; *Ex parte McNulty,* 77 California, 164; *United States v. Wiltberger,* 5 Wheat. 76; *In re Loney,* 134 U. S. 272.

Upon the enactment of the Revised Statutes, § 1 of the act of July 14, 1870, became § 5395, but it was severed from the other three sections of the act of July 14, 1870.

Section 5429, Rev. Stat., which makes the five preceding sections apply to all proceedings had or taken, or attempted to be had or taken, before any court in which any proceeding for naturalization may be commenced or attempted to be commenced does not refer to § 5395, Rev. Stat.

The reënactment of a statute, leaving out a part of the

former act, amounts to a repeal of all not so reënacted. Sutherland on Stat. Const., § 154.

Congress evidently, *ex industria*, evolved a different scheme and plan of denouncing offenses against the naturalization laws from that first contained in the act of July 14, 1870, in view of the rule that perjury is properly punishable only by the court of jurisdiction where committed. *State* v. *Pike*, 15 N. H. 33 (4 N. H. 83); *Ex parte Bridges*, 2 Woods, 428; *State* v. *Shelley*, 11 Lea (Tenn.), 594; *Ross* v. *State*, 55 Georgia, 192; *State* v. *Adams*, 4 Black; 146; *People* v. *Kelly*, 38 California; 145; *State* v. *Kirkpatrick*, 32 Kansas, 117; *Rump* v. *Commonwealth*, 30 Pa. St. 475; *State* v. *Whittemore*, 50 N. H. 245; *Spratt* v. *Spratt*, 4 Pet. 393, 408. See subject discussed in *United States* v. *Severino*, 125 Fed. Rep. 949.

There was no Federal statute when the petitioner was charged and convicted in the Federal court, which, in plain terms, conferred jurisdiction upon the Federal courts to punish perjuries and false oaths committed in naturalization proceedings in state courts. If there was such a Federal statute, it would be unconstitutional and void.

Congress cannot endow state courts with any jurisdiction. The California courts get jurisdiction to naturalize aliens from the constitution and laws of the State. *Ex parte Knowles*, 5 California, 300; see *Martin* v. *Hunter*, 1 Wheat. 304; *Maryland* v. *Butler*, reported in 12 Niles' Register, 115; *United States* v. *Lathrop*, 17 Johnson's Ch. Rep. 4; *State* v. *McBride*, Rice's Ch. Rep. 400.

While Congress cannot confer on state courts jurisdiction to naturalize, it can, in naturalization proceedings, limit the state court in its mode of proceeding, and can prohibit the state courts from acting; and it actually has done so as to any state court which is not a "Court of Record" and does not have "common law jurisdiction, and a Seal and Clerk." *Ex parte Knowles*, *supra*; *State* v. *Whittemore*, *supra*; *Rump* v. *Commonwealth*, *supra*; *In re Loney*, *supra*.

State tribunals cannot punish breaches of the United States

laws, even though an act of Congress undertakes to give them the authority. Neither can perjury against the United States be punished in the States as an offense against the States. 2 Bishop's Comm. Crim. Law, § 866.

Federal tribunals cannot punish breaches of the state laws in Federal courts, such as perjury committed in the state courts. This is well-settled law, and the converse is equally true. See *People* v. *Kelly,* 38 California, 145.

It was misconduct on the part of the court to give to the jury indictments, containing information of the adverse result of a previous trial, and it would be presumed that prejudice had been generated by such misconduct. *Ogden* v. *United States,* 112 Fed. Rep. 523, citing *Dana* v. *Tucker,* 4 Johns. 487; *Cluggage's Lessee* v. *Swan,* 4 Bin. 150; *Stull* v. *Stull,* 197 Pa. St. 243; *La Bonty* v. *Lundgren,* 41 Nebraska, 312; *State* v. *Snyder,* 20 Kansas, 306; *People* v. *Knapp,* 42 Michigan, 267; *Moss* v. *Commonwealth,* 107 Pa. St. 267; *Meyer* v. *Cadwalder,* 49 Fed. Rep. 32.

. Although an appellate court will not consider objections first raised on appeal, errors apparent on the face of the record may be considered by the court, though not objected to below. 2 Cyc. 678, 717, and cases there cited; 2 Cent. Dig., title "Appeal and Error," §§ 1145 *et seq.; Fuller.* v. *Ferguson,* 26 California, 546; *Bennett* v. *Butterworth,* 11 How. 669; *Garland* v. *Davis,* 4 How. 131; *Kentucky L. Ins. Co.* v. *Hamilton,* 63 Fed. Rep. 93; *Macker* v. *Thomas,* 7 Wheat. 530; *Ringgold* v. *Haven,* 1 California, 108; *Suydam* v. *Williamson,* 20 How. 427; *United States* v. *Pena,* 175 U. S. 500; *Stevenson* v. *Barbour,* 140 U. S. 48; *Rowe* v. *Phelps,* 152 U. S. 87. No presumption can be made in favor of the judgment of a lower court where error is apparent in the record. *United States* v. *Wilkinson,* 12 How. 246; *Reynolds* v. *United States,* 98 U. S. 145. The error was substantial. *Ogden* v. *United States, supra.*

The trial court erred in failing to warn the jury of the danger in convicting a defendant on the testimony of an ac-

complice. Greenleaf on Evidence, 6th ed., 493, § 380; 12 Cyc. 453; *United States* v. *Ybanez*, 53 Fed. Rep. 536; *United States* v. *Flemming*, 18 Fed. Rep. 907; *United States* v. *Harries*, 26 Fed. Cas. No. 15,309; *S. C.*, 2 Bond Rep. 311; *United States* v. *Lancaster*, 26 Fed. Cas. No. 15,556; *United States* v. *Reeves*, 38 Fed. Rep. 404; *United States* v. *Van Leuven*, 65 Fed. Rep. 78; *United States* v. *Sykes*, 58 Fed. Rep. 1004; *United States* v. *Kessler*, Bald. Rep. 22; *United States* v. *Sacia*, 2 Fed. Rep. 708; *People* v. *Bonney*, 98 California, 278.

The trial court not only declined to instruct as requested by counsel for petitioner, but failed to give the jury any instructions as to being cautious in convicting upon such testimony, and the weight to be accorded it.

Although an accomplice is a competent witness for the prosecution, his testimony should be received with great care and caution and a refusal to so instruct is ground for reversal. *United States* v. *Smith*, Fed. Cas. No. 16,322; *United States* v. *Babcock*, Fed. Cas. No. 14,487; *United States* v. *Goldberg*, Fed. Cas. No. 15,223; *United States* v. *McKee*, Fed. Cas. No. 15,686; *Solander* v. *People*, 2 Colorado, 48; *Cheatham* v. *State*, 67 Mississippi, 335; *People* v. *Sternberg*, 111 California, 11; *People* v. *Strybe*, 36 Pac. Rep. 3; *People* v. *Bonney*, 98 California, 278; *United States* v. *Neverson*, 1 Mackey, 152; *United States* v. *Bicksler*, 1 Mackey, 341; *State* v. *Hyer*, 39 N. J. Law, 598; *State* v. *Honey*, 19 N. C. 390; *State* v. *Miller*, 97 N. C. 484; *Hanley et al.* v. *United States*, 123 Fed. Rep. 849.

*Mr. Assistant Attorney General Fowler* for the United States:

Federal courts have jurisdiction to inflict punishment for the offense of perjury committed in naturalization proceedings had in state courts. Section 5392, Rev. Stat.; Art. I, § 1, cl. 4, Constitution; Title 30, §§ 2165–2174 of the Rev. Stat.; *In re Loney*, 134 U. S. 372, 374; § 5395, Rev. Stat. And see *Schmidt* v. *United States*, 133 Fed. Rep. 257, 264, holding that § 5395, Rev Stat., is as broad in its application as the first section of the act of 1870. A change of phraseology

in revision of statutes will not be regarded as altering the law where it has been settled by plain language in the statutes, unless it is clear that such was the intent. *McDonald* v. *Hovey,* 110 U. S. 619, 629; *United States* v. *Ryder,* 110 U. S. 729, 740; *Logan* v. *United States,* 144 U. S. 263, 302; *Doyle* v. *Wisconsin,* 94 U. S. 50.

In finding the meaning of an ambiguous statute in the revision, the courts may refer to the original statute from which the section was taken to ascertain from its language and context to what class of cases the provision was intended to apply. *The Conqueror,* 166 U. S. 122; *United States* v. *Bowen,* 100 U. S. 508; *Myer* v. *Car Company,* 102 U. S. 11; *United States* v. *Lacher,* 134 U. S. 626.

The validity of such proceedings in state courts, when had under acts of Congress, has been recognized from the early history of the Government. *Campbell* v. *Gordon,* 6 Cranch, 176, 182; *Stark* v. *Chesapeake Ins. Co.,* 7 Cranch, 420; 2 Cyc. Law & Proc. 111, 112; Constitution of California, § 5, Art. VI; § 76, Code of Civil Procedure of that State.

A new trial should not be awarded on the ground that the jury had in their possession, while considering their verdict, the indictment upon which had been written the finding of a former jury that petitioner was guilty on the third count of the indictment.

The allowance or refusal of a new trial rests in the sound discretion of the court to which the application is addressed, and the result cannot be made the subject of review by writ of error. *Henderson* v. *Moore,* 5 Cranch, 11, 12, *Marine Insurance Co.* v. *Young,* 5 Cranch, 187, 191; *McLanahan* v. *Insurance Company,* 1 Pet. 170, 183; *United States* v. *Buford,* 3 Pet. 12, 32; *Indianapolis &c. R. R. Co.* v. *Horst,* 93 U. S. 291, 301; *Kerr* v. *Clampitt,* 95 U. S. 188; *Newcomb* v. *Wood,* 97 U. S. 581; *Mattox* v. *United States,* 146 U. S. 140, 147; *Haws* v. *Victoria Mining Company,* 160 U. S. 303, 313; *Ogden* v. *United States,* 112 Fed. Rep. 523.

The trial court's attention was not called to the fact that

the indictment with the indorsement complained of thereon was handed to the jury when the same was done, but it was first mentioned in the motion for a new trial. *Cook* v. *The State,* 4 Tex. App. 265, 268; *Anschicks* v. *The State,* 6 Tex. App. 525, 536; *State* v. *Tucker,* 75 Connecticut, 201, *Forbes* v. *Commonwealth,* 90 Virginia, 550; *Cargill* v. *Commonwealth,* 93 Kentucky, 578, 581; *Railway* v. *Higgins,* 53 Arkansas, 458, 467; cited and followed in *Railway Company* v. *Sweet,* 60 Arkansas, 550, 556; *State* v. *Shores,* 31 W. Va. 491, 499; *Smalls* v. *The State,* 105 Georgia, 669, 675; *Maynard* v. *Fellows,* 43 N. H. 255, 259; *Gardner* v. *King,* 58 N. H. 203; *Clapp* v. *Clapp,* 137 Massachusetts, 183.

Plaintiff in error was not prejudiced by the fact that the indictment with the indorsement complained of thereon was in possession of the jury. 12 Enc. of Pl. & Prac. 599; *Hardy* v. *State,* 35 Tex. Crim. Rep. 545, 561; *State* v. *Shores, supra;* *Green* v. *The State,* 38 Arkansas, 304, 314; *Harold* v. *Commonwealth,* 8 S. W. Rep. 194, 196. It had no bearing on the facts presented in this case. *Ogden* v. *United States, supra,* and *La Bonty* v. *Lundgren,* 41 Nebraska, 312, can be distinguished.

It was not error for the trial court to refuse to charge that the witness Werta was an accomplice and that his testimony should be corroborated. There is no evidence showing that Werta was an accomplice either as the principal or as an accessory before the fact. *Insurance Co.* v. *Foley,* 105 U. S. 347, 353; *Bank* v. *Hunt,* 11 Wall. 391, 394; *Railroad* v. *Gladmon,* 15 Wall. 409; *Insurance Co.* v. *Baring,* 20 Wall. 159, 161; *Katz* v. *Phalen,* 2 How. 375, 381.

MR. JUSTICE DAY delivered the opinion of the court.

The petitioner, Gustav Holmgren, was convicted and sentenced in the District Court of the United States for the Northern District of California of the crime of false swearing in naturalization proceedings, in violation of § 5395 of the

Revised Statutes of the United States. The judgment was affirmed by the Circuit Court of Appeals. 156 Fed. Rep. 439. The conviction was upon the third count of the indictment, which charged that in a naturalization proceeding, upon the application of one Frank Werta for admission to citizenship in the United States, pending September 21, 1903, in the Superior Court of the city and county of San Francisco, California, a court of record of the State of California, with common law jurisdiction, a seal, and a clerk, the petitioner swore falsely in making the material statement, under oath, that he, the said Gustav Holmgren, had been acquainted with the said Frank Werta in the United States during the five years immediately preceding the application for naturalization, whereas in truth and in fact, as he then well knew, the said Werta had not resided continuously in the United States for a period of five years, and the said Holmgren had not known the said Werta for more than four years prior to said application.

The principal question in the case is whether, under § 5395, United States Revised Statutes, a conviction can be had in a Federal court for a false oath in naturalization proceedings had in a state court.

Preliminarily to a consideration of the proper construction of this section we may notice the contention of the petitioner that there is no constitutional power in Congress to confer jurisdiction upon the courts of a State in naturalization proceedings, involving admission to citizenship in the United States.

Article I, § 8, clause 4, of the Constitution of the United States vests in Congress the power to establish an uniform rule of naturalization. Acting under this constitutional authority from the earliest history of the Government, Congress has passed acts regulating the naturalization of aliens, admitting them to citizenship in the United States, and has authorized such proceedings in the state, as well as Federal, courts. The validity of such proceedings by virtue of the power conferred

by acts of Congress has been recognized from an early day. *Campbell* v. *Gordon*, 6 Cranch, 176, 182; *Stark* v. *Chesapeake Ins. Co.*, 7 Cranch, 420. The naturalization acts of the United States from the first one in 1790 have conferred authority upon state courts to admit aliens to citizenship. Van Dyne on Naturalization, p. 11, and the following.

It is undoubtedly true that the right to create courts for the States does not exist in Congress. The Constitution provides (Art. III, § 1) that the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish. But it does not follow that Congress may not constitutionally authorize the magistrates or courts of a State to enforce a statute providing for a uniform system of naturalization, and defining certain proceedings which, when complied with, shall make the applicant a citizen of the United States. This Congress had undertaken to do in making provision for the naturalization of aliens to become citizens of the United States in a certain class of state courts—those of record having common law jurisdiction, a clerk and a seal. Rev. Stat. U. S., § 2165 (since superseded by the act of June 29, 1906, c. 3592, 34 Stat. 596).

The question is not here presented whether the States can be required to enforce such naturalization laws against their consent; for it appears that the constitution of the State of California, in § 5, article 6, and the statutes in § 76 of the Code of Civil Procedure of that State, grant to the courts the power of naturalization and the right to issue papers therefor. Unless prohibited by state legislation, state courts and magistrates may exercise the powers conferred by Congress under such laws. *Stephens, Petitioner*, 4 Gray, 559. The indictment charges that Werta made application as an alien to be admitted to citizenship in the United States; the proceeding was had and false oath charged was taken under authority of the statutes of the United States. The present proceeding was to prosecute the petitioner for alleged false swearing un-

der an oath administered under authority of a law of the United States. Where such is the case we think the Congress of the United States may constitutionally provide for the punishment of such offenses, whether the oath is taken before a Federal court or officer, or before a state court or officer acting under authority derived from the act of Congress. See *In re Loney,* 134 U. S. 372, 374.

We come, then, to the question whether the section under which the proceeding was had authorizes a prosecution for perjury when committed in naturalization proceedings in other than Federal courts. As we have seen, the statutes of the United States confer jurisdiction to admit aliens to citizenship in the United States, not only on Federal courts, but also upon certain state courts, and § 5395 of the Revised Statutes provides:

"In all cases where any oath or affidavit is made or taken under or by virtue of any law relating to the naturalization of aliens, or in any proceedings under such laws, any person taking or making such oath or affidavit, who knowingly swears falsely, shall be punished by imprisonment for not more than five years nor less than one year, and by a fine of not more than one thousand dollars."

The terms of this section are certainly broad enough to include an oath or affidavit, whether taken in a Federal court or a state court, for the requirement of the statute is that such oath or affidavit be made or taken under or by virtue of any law relating to naturalization of aliens or in any proceedings under any such laws. The false oath in question was taken under and by virtue of the Federal statutes regulating naturalization, and in a proceeding authorized under such laws, although in a state court.

It is contended, however, that the history of this section (5395) and the effect of the revision of the laws embodied in the Revised Statutes of 1873 makes it applicable only to false swearing in the courts of the United States in such naturalization proceedings as may be therein instituted. As car-

ried into the Revised Statutes, this section was taken from
§ 1 of the act of July 14, 1870, being an act to amend the
naturalization laws and to punish crimes against the same,
etc.  July 14, 1870, c. 254, 16 Stat. 254.  Section 4 of that act
was as follows:

.  "And be it further enacted, That the provisions of this
act shall apply to all proceedings had or taken or attempted
to be had or taken before any court in which any proceeding
for naturalization shall be commenced, had, or taken, or at-
tempted to be commenced; and the courts of the United States
shall have jurisdiction of all offenses under the provisions of
this act, in or before whatsoever court or tribunal the same
shall have been committed."

In codifying the statutes, the first section of the act of
July 14, 1870, was made § 5395 of the Revised Statutes, and
is part of Title LXX, chapter 4, "Crimes against Justice."
Sections 2 and 3 of the act were made §§ 5424 to 5428 of the
Revised Statutes, and part of chapter 5, entitled "Crimes
against the Operations of the Government."  Section 4 of the
act of July 14, 1870, was made § 5429 of the Revised Statutes,
and reads as follows:

"The provisions of the five preceding sections shall apply
to all proceedings had or taken, or attempted to be had or
taken, before any court in which any proceeding for natural-
ization may be commenced or attempted to be commenced."

The argument is that, inasmuch as § 5395 is not one of the
"five preceding sections," it is to be inferred that Congress
intended to give jurisdiction to the Federal courts for viola-
tion of that section only in naturalization proceedings in the
Federal courts, and not to include false swearing in natural-
ization proceedings before any court, which would include a
state court.  But we cannot agree to this contention.  The
Revised Statutes are the result of the revision and codifica-
tion of the laws under authority of an act of Congress, whose
purpose it was, not to create a new system of laws, but to
codify and arrange former laws, omitting redundant or ob-

solete enactments, and making such amendments and changes as were necessary to correct contradictions, supply omissions and amend imperfections in the original text. June 27, 1866, c. 141; 14 Stat. 75.

The courts will not infer that Congress in revising and consolidating the laws intended to change their policy in the absence of a clear expression of such purpose. *United States* v. *Ryder*, 110 U. S. 729, 740. No reason is suggested for a change of the purposes of the law in the separation of the sections according to the codification in the manner we have stated. The purpose of the laws was still the same, and when we interpret this section of the statutes, in view of its origin, we think there can be no doubt of its meaning. The act of July 14, 1870, made its provision applicable to all proceedings had before any court in which naturalization proceedings might be commenced, and gave to the courts of the United States jurisdiction of all such offenses committed before any tribunal, state or Federal. The language of § 5395 is broad enough to include proceedings in any court, and, considered in the light of its adoption from laws of the same purport, we have no doubt of the intention of Congress to continue to include all such proceedings.

It is next contended that the court erred in permitting the indictment to go to the jury, and be taken with them into the jury-room, which indictment contained an indorsement thereon showing the conviction of the accused on the third count thereof at a former trial. The proceedings in this respect are thus set out in the record:

· "Thereupon and before the jury retired to deliberate upon their verdict the clerk of the court handed to the jury the forms of ballot with the indictment in the case. That said indictment was taken by them to the jury room and retained by them during their entire deliberations in the cause. That the jury retired at 12.30 o'clock and later returned to the court with a verdict of guilty on the third count of said indictment. That at the time said indictment was handed to

the jury by the officials of the court and was taken by said jury to the jury room, there were the following endorsements upon said indictment: 'Form No. 168. Back of cover of indictment with plea and judgment. Arraigned Nov. 2, 1905, Mch. 14, 1906. Pleads not guilty. Tried April 5, 6, 7, 1906. Verdict not guilty on the 1st and 2nd Counts of the Indictment and Guilty on the 3rd Count of the Indictment. April 13, 1906. New Trial is granted.' "

It would be sufficient to say of this objection that it was not taken until a motion was made for a new trial, which motion, with the accompanying affidavits to the effect that the jury had read and considered the indorsements upon the indictment, was considered and the motion overruled by the trial court. It has been frequently decided that the allowance or refusal of a new trial rests in the sound discretion of the trial court and its action in that respect cannot be made the basis of review by writ of error to this court. *Indianapolis &c. R. R. Co.* v. *Horst,* 93 U. S. 291, 301; *Kerr* v. *Clampitt,* 95 U. S. 188; *Newcomb* v. *Wood,* 97 U. S. 581, 583.

It is contended by the petitioner that a contrary view to that taken by the Circuit Court of Appeals in this case was taken in *Ogden* v. *United States,* 112 Fed. Rep. 523, Circuit Court of Appeals of the Third Circuit. In that case, however, it appeared that the court below refused to consider the motion and affidavit showing that the indictment, with an indorsement of a former conviction thereon, had been taken to and kept in the jury-room during their deliberations. The court recognized the rule that the overruling of a motion for a new trial is not a subject of review in an appellate court, but found that the court below had refused to consider the motion and affidavits, and declined to exercise its discretion, as it was its duty to do. It is true the court, after finding that reversible error had been committed by the failure to entertain the motion for a new trial, deemed it was its duty not merely to remand so that the motion might be considered by the court below, but itself passed upon the motion for a new

trial. The primary basis, however, upon which the court acted was the failure of the court below to consider the motion for a new trial, a circumstance which does not exist here. To the like effect is *Mattox* v. *United States*, 146 U. S. 140, where the court below refused to entertain affidavits showing the reading of a newspaper, containing an unfavorable article, during the deliberations of the jury, and also damaging remarks of an officer in charge of the jury during the progress of the trial. In both cases the basis of the action of the reviewing court was the refusal of the courts below to exercise the discretion vested in them by law.

But, it is urged, that notwithstanding the objection was first taken in this case upon the motion for a new trial, this court may notice a plain error not properly reserved in the record. Undoubtedly the court has this authority and does sometimes exercise it.

But an examination of the record in this case does not satisfy us that we should exercise this right to review an error not properly reserved, and require the granting of a new trial, because of the indorsements upon the indictment sent to the jury, together with the forms of verdict. The record contains all the testimony, and is ample to sustain the conviction of the defendant without giving weight to the effect of this indorsement. The indorsement itself shows that a new trial was granted upon the former conviction on the third count. This action of the court in setting aside what the jury had formerly done is quite as likely to influence the jury favorably to the accused, as was the fact of former conviction by the jury to work to his prejudice.

We do not mean to indicate that such indorsements should be permitted to go to a jury, or that the fact of former conviction should be urged or referred to in the progress of the trial. It is undoubtedly the correct rule that the jury should be kept free from all such extraneous and improper influences. But, in this case we do not find in the record any reason for the exercise of the authority granted to us under

the thirty-fifth rule to notice a plain error not properly reserved.

It is further urged that the indictment in the third count thereof does not properly charge an offense against Holmgren. It is true that in the third count it appears that the name of Frank Werta, the alien, was written by mistake for that of Gustav Holmgren, in averring that the witness was duly and properly sworn, but this count also contains the averment that "the said Gustav Holmgren having taken such oath to testify, as aforesaid, did then and there willfully," etc., and "contrary to the said oath testify in substance and to the effect," etc. This objection does not appear to have been specifically pointed out in the demurrer or otherwise taken advantage of upon the trial. In this proceeding it is too late to urge such objections to a matter of form unless it is apparent that it affected the substantial rights of the accused. Revised Stat., § 1025; *Conners* v. *United States*, 158 U. S. 408, 411; *Armour Packing Co.* v. *United States*, 209 U. S. 56, 84.

It is further alleged that the court erred in refusing to give the following request to charge concerning the testimony of Frank Werta, the alien seeking to be naturalized in the proceeding:

"I charge you that if you believe the testimony of the witness Frank Werta, then that said witness was an accomplice in crime with the defendant; and I instruct you that before you can convict said defendant the testimony of the witness, Frank Werta should be corroborated by the testimony of at least one witness or strong corroborative circumstances."

It may be doubtful whether Werta can be regarded as an accomplice, as the record tends to show that he had no part in procuring the testimony of Holmgren, and in nowise induced him to make the oath which was the basis for the proceedings. Be that as it may, the request did not properly state the law, as it assumed that Werta was an accomplice, a conclusion which was controverted, and against which the jury might have found in the light of the testimony. It is

undoubtedly the better practice for courts to caution juries against too much reliance upon the testimony of accomplices, and to require corroborating testimony before giving credence to them. But no such charge was asked to be presented to the jury by any proper request in the case, and the refusal to grant the one asked for was not error.

Other questions are raised in the case as to the admissibility of certain testimony; we have examined them and find nothing prejudicial to the rights of the petitioner.

The judgment of the Circuit Court of Appeals is, therefore, affirmed.

*Affirmed.*