## WHITE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
April 6, 1925. Rehearing Denied
May 11, 1925.)

No. 4396.

1. **Forgery ☞42—In prosecution for possession of forged power of attorney, letters indicating absence from country of person whose name was signed to such power held admissible.**

In prosecution, under Penal Code, § 30 (Comp. St. § 10194), for possession of forged power of attorney, letters from person whose name purported to have been signed to such power, postmarked in a foreign country, merely to indicate that he was absent when the power bearing his name was made and acknowledged, *held* admissible.

2. **Criminal law ☞429(1)—In prosecution for possession of forged powers of attorney authorizing another to proceed in attempt to recover income tax payments, properly identified records from office of collector of internal revenue held admissible.**

In prosecution, under Penal Code, § 30 (Comp. St. § 10194), for possession of powers of attorney purporting to authorize another to act in recovering income tax payments, exhibits, consisting of income tax returns by person whose name purported to have been signed to a power involved, the power itself and a claim for refund, composing parts of records in office of collector of internal revenue, when properly identified, *held* admissible.

3. **Forgery ☞37—In prosecution for possession of forged powers of attorney, overruling objection to question as to number of powers held by defendant at time involved held not error.**

In prosecution, under Penal Code, § 30 (Comp. St. § 10194), for possession of forged powers of attorney, overruling objection to question as to how many powers of attorney defendant had at time instruments, described in indictment were forged, to which witness answered, "30 or 40," *held* not error.

4. **Criminal law ☞508(1)—Witness' admission that he was an accomplice, and had committed four of five acts of forgery charged, did not render his testimony incompetent.**

In prosecution, under Penal Code, § 30 (Comp. St. § 10194), for possession of forged powers of attorney, that witness was an accomplice, and admitted he had committed four of five acts of forgery charged, did not render his testimony incompetent.

In Error to District Court of the United States for the Northern Division of the Western District of Washington; William H. Sawtelle, Judge.

Albert T. White was convicted of violation of Penal Code, § 30, and brings error. Affirmed.

James Kiefer, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is a writ of error to review conviction of White, defendant below, upon five counts of an indictment charging violation of section 30 of the Penal Code (Comp. St. § 10194), which provides that whosoever knowingly and with intent to defraud the United States, shall have in his possession any false, altered, forged, or counterfeited power of attorney, order, or other writing for the purpose of enabling another to obtain from the United States or from any officer or agent thereof, any sum of money, shall be fined or imprisoned, or both.

The first count charged that White, in January, 1922, knowingly and with intent to defraud the United States, had in his possession a false and forged power of attorney for the purpose of enabling one R. H. Higgins to obtain from the United States and the collector of internal revenue for the district of Washington a sum of money, the amount of a claim then pending or subsequently presented for the refund of an income tax paid for 1919 to the United States through the collector of internal revenue by one Inosuke Chikashige. The power of attorney purports to have been made by one I. Chikashige, and to have been acknowledged on January 3, 1922, by one Y. Asuma. The charge is that the falsity and forgery were then and there well known to White, and that what purported to be the signature of Chikashige had been falsely made and forged by one Icheuchi. The second, third, and fourth counts were generally similar, but referred to powers of attorney bearing different dates and with different names as makers. The fifth count charged that a power of attorney dated November 14, 1921, signed by S. Yamada, was forged by White, plaintiff in error. The evidence of the government tended to prove that Icheuchi, with White's knowledge, signed four powers of attorney, and that the one described in the fifth count of the indictment was forged by White himself.

[1] Error is assigned upon rulings of the court, duly excepted to, allowing witnesses to testify that they were acquainted with

Sechi Sakai, named as the person who executed the power of attorney described in count 4 of the indictment, and that in February, 1921, Sechi Sakai had taken a steamer at Seattle bound for Japan and had never returned; that they knew Sakai's handwriting and had received letters from him. The letters were inclosed in envelopes addressed in English handwriting to the respective witnesses, and bore postmarks of places in Japan dated in 1921, 1922, and 1923. The court admitted the envelopes and letters, not as conclusive of the fact that Sakai was in Japan, but as tending to establish that fact, and as proper for the consideration of the jury. It does not appear that the letters were read or translated, or that their contents were referred to in any way. They were introduced merely as tending to establish the fact that Sakai was absent when the power of attorney bearing his name was made and acknowledged. For this purpose we think they were competent.

[2] Exception was also preserved to the ruling of the court in admitting certain other documents, of which one may be taken to illustrate the point. The exhibit or document as a whole consists of four sheets, marked A, B, C, D, respectively. Sheet A is an individual income tax return, form 1040-C, United States Internal Revenue Service, bearing the signature of Chikashige, and subscribed and sworn to before Stafford, deputy collector, October 27, 1919. Sheet B is an individual income tax return by Chikashige for 1919, subscribed and sworn to before Alfred T. White, notary public, dated March 14, 1920. Sheet C is the power of attorney of Chikashige to Higgins, as set forth in count 1 of the indictment. Chikashige denied making the instrument. Sheet D is a claim for refund for taxes illegally collected, made out on a Treasury Department form, and sworn to by R. H. Higgins, as attorney in fact for Chikashige, before Alfred T. White, notary public, December 14, 1923. Chikashige identified sheet A and sheet C of Exhibit 1, and Ichuchi identified sheet B, and Higgins identified sheet D, and all of the sheets were identified by the assistant chief field deputy in the office of the collector of internal revenue at Tacoma, Wash., as parts of the original government records in that office. Whether or not the several powers of attorney were false and forged, and were in White's possession with intent to defraud the United States, was for the jury.

[3] It is contended that the court erred in overruling defendant's objection to a question asked the witness Icheuchi in rebuttal, as follows: "How many powers of attorney were on the desk of defendant White, about the time that the instruments described in the indictment were forged?" Witness answered that there were about 30 or 40. Allowing the question was within the discretion of the court.

[4] There was no error in overruling the motion for a directed verdict, for the testimony was ample to require submission to the jury. The fact that Icheuchi was an accomplice and admitted that he had committed four of the five acts of forgery charged did not make his testimony incompetent. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168. In respect to weighing Icheuchi's testimony, the court charged in the language of the Supreme Court in Holmgren v. United States, 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778.

After an examination of all of the assignments, we find no ground for disturbing the judgment.

Affirmed.