## LETT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1926.)

No. 7371.

1. **Indictment and information** ⬅121(1)—**Bill of particulars may be required, where necessary to enable defendant to prepare adequately for trial and bar subsequent prosecution.**

When an indictment charges an offense, but fails to advise defendant with sufficient particularity of matters necessary to enable him to prepare his defense, and to safeguard him from further prosecution for the same act, such details should be ordered supplied by bill of particulars on seasonable application therefor.

2. **Criminal law** ⬅1167(1)—**Refusal of bill of particulars, not causing substantial prejudice, is not ground for reversal.**

A judgment of conviction will not be reversed for failure to order bill of particulars, if it appears from the whole record that no substantial prejudice to defendant resulted.

3. **Indictment and information** ⬅121(1).

Where there is ground for asking a bill of particulars, defendant is, in general, entitled to have it furnished and made matter of record.

4. **Indictment and information** ⬅121(2)—**Defendant held entitled to bill of particulars, stating particularly date of possession of morphine, in view of inconsistent counts.**

Where the first count charged defendant with possession of a stated quantity of morphine on or about a certain date, and a second count charged her with having sold the same morphine on a prior date, a bill of particulars stating particularly the date of possession was properly required.

5. **Indictment and information** ⬅71.

An indictment is required to state the facts constituting the offense with reasonable, but not with absolute or impracticable, particularity.

**6. Criminal law ⇐⇒780(2)—Under facts, refusal of instruction that, to convict, jury must believe testimony of accomplice beyond reasonable doubt, held error.**

Where proof of a sale of morphine by defendant depended entirely on the testimony of the alleged purchaser, refusal of an instruction that such witness was an accomplice, and that unless the jury believed her testimony beyond a reasonable doubt they could not convict, was error.

**7. Criminal law ⇐⇒780(1)—Refusal to instruct that testimony of accomplice should be received with great caution is error.**

It is the better practice to instruct that the testimony of an accomplice should be received with great caution, and refusal to do so, when requested, is error.

**8. Criminal law ⇐⇒656(5)—Statement by judge of belief of testimony of accomplice held prejudicial error.**

Comments by judge on testimony of accomplice, stating in substance his belief in its truth, *held* prejudicial error, in connection with refusal of an instruction that such testimony should be received with caution.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Criminal prosecution by the United States against Zola Lett. Judgment of conviction, and defendant brings error. Reversed and remanded.

John T. Harley, of Tulsa, Okl. (Rollie C. Clark, of Vinita, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., and W. L. Coffey, Asst. U. S. Atty., both of Tulsa, Okl.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. On May 20, 1925, in the Northern district of Oklahoma, an indictment containing two counts was filed against plaintiff in error, the first charging that on or about the 21st day of April, 1925, in Nowata county, in the Northern district of Oklahoma, she had unlawfully in her possession 29 cubes of morphine, contained in a tin box. The second count charged the unlawful sale to one Josephine West of 29 cubes of morphine, contained in a tin box, on or about the 6th day of April, 1925, in Nowata county, state of Oklahoma, and within the jurisdiction of the court.

November 25, 1925, the defendant filed a demurrer to this indictment and a motion for a bill of particulars. Concerning the demurrer it is sufficient to state that it is entirely general in its terms, stating as grounds that the indictment does not state facts sufficient to charge an offense against the laws of the United States, and upon which to base the jurisdiction of the court. It does not appear from the record that this demurrer was passed upon, nor that any exception was taken to any action of the court with respect thereto.

The motion for bill of particulars, so far as the same is pertinent to this discussion, asked that the prosecution be required to state particularly the date upon which, and the place at which, the offense charged in each count of the indictment was alleged to have been committed. The case had been set for trial on the day following the filing of this motion, and the motion was overruled for the following reason stated by the court:

"The motion for a bill of particulars is overruled for the reason that the defendants requested that they be not required to be present on plea day, but would appear on the day of the trial and enter their plea, and go to trial without prejudice to the time to plead. Further, the district attorney in open court tenders to counsel for defendants the information as to the exact place and time the transaction took place on which the government bases this prosecution."

To this statement of the court the district attorney added the following: "Including that we are willing to give him the facts we have at our command with reference to the facts and circumstances surrounding the commission of the offenses. I am willing to do that."

Counsel for plaintiff in error then dictated the following exception: "To which action of the court the defendants, and each of them, except in each particular case, for the reason that counsel was present in Pawhuska on yesterday and remained here from before 12 o'clock until nearly 4, and didn't see an opportunity to present these motions at that time to the court, and went back to Tulsa, and returned here to-day for the purpose of presenting them before the date of the trial, in keeping with his statement to the court that a continuance for arraignment and plea would not be prejudicial to the date of the trial, and for the further reason that the offer of the United States attorney to furnish facts not pleaded in this case would not avail the defendants their rights, for the reason that they could not then be pleaded in defense of another prosecution."

November 26, 1925, the cause, by order of court, was stricken from assignment and continued to December 16th following. Upon

trial, conviction resulted. Upon the first count plaintiff in error was sentenced to imprisonment for a term of five years; upon the second count, to imprisonment for a term of two years and to pay a fine of $1,000—the prison terms to run concurrently.

The errors assigned and to be considered are: (1) The denial of the motion for bill of particulars. (2) The overruling of defendant's demurrer to the evidence and the court's instruction to the jury that proof of possession upon any day between April 21, 1925, and May 20, 1925, was sufficient in that respect to sustain the first count of the indictment. (3) The refusal of a requested instruction. (4) The comment of the court upon the testimony of the government's witness Josephine West.

[1, 2] 1. The point raised with respect to the denial of the motion for bill of particulars demands careful consideration. These general principles may be stated at the outset: The indictment in each count stated an offense against the laws of the United States, committed within the jurisdiction of the trial court; in such case, if it fails to advise a defendant with sufficient particularity of matters necessary to enable him to prepare his defense, and to safeguard him from further prosecution for the same act, such details may be supplied by a bill of particulars. The duty devolves upon a defendant to make seasonable and appropriate application for the information desired. If the point is well taken, the court should order the information or details asked to be supplied. If it fails so to do, if the discretion exercised is not sound, and the record otherwise does not supply the necessary matter, the appellate court should grant appropriate relief; but a judgment of conviction will not, on this account, be reversed, if from the whole record it appears that no substantial prejudice to the defendant has resulted.

[3] By its motion plaintiff in error requested the government to state particularly the date upon which, and the place at which, the offense was alleged to have been committed. Upon the face of the indictment—more particularly the first count thereof—it would appear that such more specific information might well have been required. The district attorney offered to give informally the facts the government had at its command with reference to the circumstances surrounding the commission of the offenses. Counsel for plaintiff in error required the same to be made a matter of record through the instrumentality of a bill of particulars, in order that the same might be pleaded in defense

of another prosecution. We think, in general, that a defendant is entitled to this safeguard in a case where such particularity is demanded.

The court overruled the motion for the additional reason that it came too late, the defendant having requested that she be not required to be present on a former plea day, but having agreed to go to trial without prejudice on the date of setting. The filing of this motion on that date was considered a violation of that promise. Ordinarily this action of the court could not be assailed as abuse of discretion. It was taken in the interest of a prompt disposition of the case. However, the trial was immediately postponed for a period of three weeks, which gave ample time for the filing of a bill of particulars without causing delay; but the defendant did not renew her motion for the bill.

[4] It now becomes material to consider the merits of the motion. Turning to the first count, an examination of the record discloses that the 29 cubes of morphine, the possession of which is therein charged, are identical with those alleged in the second count to have been sold to Josephine West. No other cubes of morphine are mentioned in the testimony; therefore the possession of this morphine could and should have been more particularly stated to have been on or about the 6th day of April, instead of the 21st day of April, and this more particular statement was reasonably demanded for the protection of the defendant.

In the second count of the indictment the date of sale of a definite and sufficiently described article to a specific purchaser is stated with sufficient particularity. The additional complaint is made that the place of sale is stated too generally. Examination of the record discloses that the delivery of the morphine was made in Nowata county—"on the other side of Nowata, on the Bartlesville road." The witness Josephine West, upon re-examination, testified that the place of delivery was "about a mile and a half or two miles west" from the city of Nowata, and again that "it was about the edge of town." It is evident that the district attorney could not with safety have undertaken to specify the exact spot at which the delivery and sale were made. In our judgment, under the record, the place of sale was stated with sufficient particularity.

"An indictment should charge the crime, alleged to have been committed, with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged; but it is not necessary in

framing it to set up an impracticable standard of particularity, whereby the government may be entrapped into making allegations which it would be impossible to prove. * * * While the rules of criminal pleading require that the accused shall be fully apprised of the charge made against him, it should, after all, be borne in mind that the object of criminal proceedings is to convict the guilty, as well as to shield the innocent. * * * 'The defendant,' said the court, 'is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not to such strictness in averment as might defeat the ends of justice.' " Evans v. United States, 153 U. S. 584, 590, 14 S. Ct. 934, 939 (38 L. Ed. 830).

[5] In Brown v. United States (C. C. A. 8) 143 F. 60, 61, 65, 74 C. C. A. 214, 216, Judge (now Mr. Justice) Van Devanter, after stating the general rule, said: "But it is to be borne in mind that what is required is reasonable, not absolute or impracticable, particularity of statement; else the rules of criminal pleading will be deflected from their true purpose, which is to secure the conviction of the guilty, as well as to shield the innocent." See, also, Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162; New York Central R. R. Co. v. United States, 212 U. S. 481, 497, 29 S. Ct. 304, 53 L. Ed. 613; Flack et al. v. United States (C. C. A. 8) 272 F. 680.

The government could not properly be restricted to a specific spot on the road or a specific hour of the day, as demanded by plaintiff in error. In the brief counsel say: "It is clear that, if Zola Lett had been advised of the time and place of the offense charged in the second count of the indictment, she could have produced the persons who had their noon lunch at the restaurant where she says she was working. She did not have those witnesses present, because she was not advised of the time and place of the charge she would be required to meet."

She did, however, have the witness Lizzie Claggett, the proprietress of this restaurant, present to testify that plaintiff in error came to the restaurant about 9 o'clock in the morning and stayed until evening, thereby covering the entire date in question. These other persons were equally available, and could and should have been produced for the same purpose. It is not perceived that the prejudice claimed for the second count resulted; in such case, there can be no reversal. Armour Packing Co. v. United States, 209 U. S. 56, 84, 28 S. Ct. 428, 52 L. Ed. 681. Inasmuch as, in our judgment, this case must be re-

15 F.(2d)—44

manded for a new trial, for reasons hereinafter given, we think the foregoing will prove a sufficient statement on this point for the guidance of court and counsel.

2. The demurrer to the evidence was properly overruled, and the court's instruction to the jury, that proof of possession upon any day between April 21, 1925, and May 20, 1925, was sufficient to sustain the first count of the indictment, may be disregarded, in view of what has been said with respect to that count, and what procedure may reasonably be expected at another trial of the case.

[6] 3. Plaintiff in error requested the court to give the following instruction: "You are instructed that by the testimony of Josephine West she has confessed to the commission of a felony against the laws of the United States, in the transaction which she says has occurred. That makes her an accomplice, and her testimony must be viewed as such. You must examine it most cautiously, and, unless you are convinced beyond a reasonable doubt that, in considering all of her motives in this case, her testimony is true. * * * "

The request was refused. We think the refusal, under the circumstances of this case, was reversible error, unless the substance was covered by the language of the charge given. "Any one who knowingly and voluntarily cooperates with, aids, assists, advises, or encourages another in the commission of a crime is an 'accomplice,' regardless of the degree of his guilt." Egan v. United States, 52 App. D. C. 384, 287 F. 958; 1 Russell's Crimes, 49; Wharton's Criminal Evidence, 440; Rice's Criminal Evidence, par. 319; Bishop's Criminal Procedure, par. 1159.

Not only was the witness Josephine West herself guilty of an offense, amounting to felony, against this same statute, but by her act of purchase she aided, assisted, and encouraged plaintiff in error in the commission of a crime; she was therefore an accomplice within the definition of that term. Ordinarily the failure of a court to charge that the testimony of an accomplice should be received with great caution is not assignable as error, in the absence of a request so to charge. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Holmgren v. United States, 217 U. S. 509, 524, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Perez v. United States (C. C. A. 9) 10 F.(2d) 352.

[7] But it is the better practice so to instruct in any event, and a refusal to do so, when requested, is error. Caminetti v. United States, Holmgren v. United States, Perez v. United States, and Egan v. United States, supra;

Albert v. United States (C. C. A. 6) 281 F. 511. We think the instruction asked was a proper one under the circumstances of this case. Ordinarily the requirement that the jury should be convinced beyond a reasonable doubt that the testimony of the accomplice is true would be objectionable, and would warrant refusal; but in the instant case proof of the sale depended entirely upon the testimony of Josephine West, and unless the jury believed that testimony beyond a reasonable doubt they could not properly return a verdict of conviction.

[8] 4. The error committed in refusing this instruction was emphasized and aggravated by the charge of the court, to which error is assigned. In that charge, instead of advising the jury to exercise caution in receiving the testimony of the witness Josephine West, the trial judge fortified that testimony by announcing, in substance, his belief in its truth. While this action of the court would have been proper under ordinary circumstances, it is subject to criticism, in view of the refusal to instruct as requested, and of the character of the witness, as disclosed by the testimony. Not only was that witness an accomplice, and herself an offender against this same law, but, as the record shows, she was an ignorant Indian woman, an habitual user of narcotics, and was admittedly intoxicated at the time the alleged purchase was made; her reliability as a witness was therefore at least questionable.

Being of opinion, for the reasons above given, that the judgment below should be reversed, and the case remanded for a new trial, it is accordingly so ordered.

BOOTH, Circuit Judge, concurs in the result.