### KEARNS et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5449.

**1. Criminal law ⬅1056(1)—Instructions not excepted to cannot be considered by appellate court.**

Instructions to which there were no exceptions cannot be considered by Circuit Court of Appeals.

**2. Criminal law ⬅789(9)—Instruction that there was reasonable doubt, unless jury had abiding conviction of guilt to moral certainty, held not misleading.**

Instruction that there was a reasonable doubt, unless jury formed from evidence an abiding conviction to a moral certainty that defendants were guilty, and that an abiding conviction is a persistent judgment and that you can confidently act upon it in the gravest affairs of life, and based on facts and circumstances in evidence, not conjecture, speculation, or chances, *held* not misleading.

**3. Criminal law ⬅1059(2)—General exception to instruction containing many legal propositions presents nothing for review, unless entire instruction is erroneous.**

A general exception to an instruction containing many propositions of law presents no question for review, unless the entire instruction is erroneous.

**4. Criminal law ⬅406(5)—Jury could consider defendant's admission of prior offense in weighing his testimony.**

In trial for conspiracy to violate the National Prohibition Act (27 USCA) jury had right to consider one defendant's admission, while testifying in his own behalf, that he pleaded guilty of possessing liquor, in weighing his testimony.

**5. Criminal law ⬅780(1)—Accomplice's testimony should be closely scrutinized, and jury instructed as to danger of convicting on it alone.**

While an accomplice's testimony is to be treated like that of other witnesses and considered for all purposes, it is not regarded with favor, but should be received with caution, closely scrutinized, and viewed with distrust, and the jury should be instructed as to danger of convicting on such evidence alone, even under common-law rule that corroboration is not essential.

**6. Criminal law ⬅780(3)—Instruction to convict only if accomplice's testimony convinced jury of defendant's guilt beyond reasonable doubt held properly refused.**

Instruction that accomplice's testimony should be received with caution and closely srutinized, and that jury would be justified in convicting defendant only if such testimony in itself convinced them beyond reasonable doubt of defendant's guilt, after so weighing and scrutinizing it, *held* properly refused, as making guilt or innocence depend solely on credence given such testimony, regardless of corroboration or any other consideration.

**7. Criminal law ⬅713—Permitting government counsel to comment to jury on absence of testimony supporting opening statement of defendant's attorney held not error.**

The court did not err in permitting counsel for the government to refer, in argument to the jury, to opening statement of attorney for defendants, and comment on fact that no testimony was offered in support of it, especially where jury was specifically instructed to draw no inferences against defendants because of their failure to testify.

In Error to the District Court of the United States for the Western District of Washington; George M. Bourquin, Judge.

George Kearns and others were convicted of a conspiracy to violate the National Prohibition Act, and they bring error. Affirmed.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles and Anthony Savage, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under an indictment charging a conspiracy

to violate the National Prohibition Act (27 USCA). The assignments of error are based on instructions of the court, on refusals to instruct as requested, and on misconduct of the attorney for the government in ·his argument to the jury. The first instruction to which our attention is directed is an instruction defining a reasonable doubt, the second relates to the impeachment of a certain witness, and the third limited the consideration of certain testimony to the question of the credibility of a witness. One of the requests refused was an instruction as to the consideration to be given testimony relating to the general reputation of some of the parties charged, and the two other requests refused were cautionary instructions as to the testimony of accomplices. The remaining assignment is based on the charge of misconduct of counsel.

[1] A number of the questions thus presented are not properly before us for review. The only exceptions taken to the charge were, first, a general exception to the instruction defining a reasonable doubt; and, second, an exception to the instruction that the credibility of a witness might be affected by his conviction of a misdemeanor. There was no exception to the instruction bearing upon the question of impeachment of one of the witnesses for the plaintiffs in error, and, in the consideration of the case we must therefore limit ourselves to the questions properly before us.

[2, 3] Counsel earnestly insists that the instruction defining a reasonable doubt was condemned by this court in Arine v. U. S., 10 F.(2d) 778, but such is not the case. The only definition of reasonable doubt found in that case was, "A persistent judgment to a very high degree of probability that the defendant is guilty as charged," while here the instruction goes far beyond that. In fact, the instructions in the two cases have little in common, aside from the use of the expression, "a persistent judgment to a very high degree of probability," found in each. Here the court instructed the jury at length that there was a reasonable doubt, unless from the evidence the jury formed and had an abiding conviction to a moral certainty that the defendants were guilty, that an abiding conviction is a persistent judgment, and that you can confidently act upon it in the gravest affairs of life; that in any case proof can only be made to some degree of probability, but in criminal cases the proof of guilt must be to that very high degree of probability that inspires a persistent judgment that the defendant is guilty as charged; that such high degree of probability must be based upon facts and circumstances in evidence, and upon reasons found in the evidence, and not at all upon conjecture, speculation, or the doctrine of chances; that if the jury had an abiding conviction, that is to say, a persistent judgment to a moral certainty, that the defendants were guilty as charged, they had no reasonable doubt and should convict accordingly; that the jury might have doubt of the guilt of the defendants, but it would nevertheless be their duty to convict unless their judgment approved such doubt as a reasonable one. It will thus be seen that the court defined a reasonable doubt in different ways, many of which, at least, have met with universal approval. The court treated the different definitions given as synonymous, and whether they were or not we need not inquire, because we are convinced that the jury was not and could not be misled. Furthermore, the instruction contained many propositions of law, and a general exception to such an instruction presents no question for review, unless the entire instruction is erroneous.

[4] While testifying in his own behalf, one of the plaintiffs in error stated that on March 30, 1925, a cache of liquor was found on his place, and that he pleaded guilty to possession and was fined $200. In reference to this and other testimony of like character, the court charged: "But if any defendant has been shown to have been heretofore convicted, that is not a matter in the case from which you may infer, 'Well, if he was guilty once, he is guilty again.' Not at all. That could have been introduced in the case only against those who testified, for the purpose of enabling you to take it into consideration in determining their credibility." The plaintiffs in error now insist that the rules of evidence prevailing in the territory of Washington at the time of the admission of the state are controlling upon the federal courts sitting in that state, and that under the rules then prevailing it was not competent to prove the commission of a misdemeanor for the purpose of affecting the credibility of a witness. But this is not a case where the court admitted testimony for the purpose of affecting the credibility of a witness. Here the plaintiff in error, while testifying in his own behalf, admitted that he had committed the offense, and the jury had a right to take that fact into consideration in weighing his testimony, just as they had a right to consider any other act or his conduct in general as disclosed by the testimony, whether criminal or not.

The court instructed the jury that they should give to testimony tending to establish a good reputation such weight as they deem-

ed it entitled to, and no more, and refused to instruct that good reputation, if established, might be sufficient in itself to generate a reasonable doubt in the minds of the jury. A similar instruction and a similar request were considered by this court in Baugh v. United States, 27 F.(2d) 257, decided June 18, 1928. [5, 6] The plaintiffs in error requested the court to instruct the jury that a certain witness was an accomplice, that his testimony should be weighed with caution and subjected to close scrutiny, and that if, after so weighing and scrutinizing it, the jury was satisfied of its truth, and it convinced them *in itself* beyond any reasonable doubt of the guilt of any particular defendant, then the jury would be justified in finding such defendant guilty, but not otherwise.

"While the testimony of an accomplice is to be treated like that of other witnesses, and considered for all purposes, and may be believed, such testimony is not regarded with favor, but should be received with caution, should be closely scrutinized, and viewed with distrust, and even under the common-law rule that it is not essential that testimony of accomplices be corroborated, the jury should be instructed as to the danger of convicting upon the evidence of accomplices alone." 16 C. J. 694.

In Holmgren v. U. S., 217 U. S. 509, 523, 30 S. Ct. 588, 592 (54 L. Ed. 861, 19 Ann. Cas. 778), the court said:

"It is undoubtedly the better practice for courts to caution juries against too much reliance upon the testimony of accomplices, and to require corroborating testimony before giving credence to them. But no such charge was asked to be presented to the jury by any proper request in the case, and the refusal to grant the one asked for was not error."

To the same effect, see Caminetti v. U. S., 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

A proper request on the testimony of accomplices should have been given, but the request here made was not a proper one. By the request, the guilt or innocence of the parties charged was made to depend solely on the credence given to the testimony of accomplices, regardless of corroborating testimony, and regardless of any other consideration.

[7] In his opening statement to the jury the attorney for the defendants stated that he would prove, or expected to prove, certain facts in support of the defense of certain of the defendants, but upon the trial no testimony was offered in support of the state-

ment thus made. In his argument to the jury the attorney for the government was permitted to refer to the opening statement of counsel and to comment on the fact that no testimony had been offered in support thereof. Manifestly, the attorney for the government was under no obligation to allow the opening statement of counsel to go unchallenged, or to refrain from calling the attention of the jury to the fact that no testimony had been offered in its support. There was, therefore, no error in the ruling of the court permitting counsel for the government to go as far as he did, especially in view of the fact that the jury was specifically instructed that they must draw no inference against the defendants because of their failure to take the stand or testify in their own behalf.

We have given full consideration to all assignments properly presented by the record, and, finding no error, the judgment is affirmed.