**MARTIN v. UNITED STATES.**

No. 10095.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1946.

William F. Hopkins, of Cincinnati, Ohio (William F. Hopkins, of Cincinnati, Ohio, on the brief), for appellant.

Frederic W. Johnson, of Cincinnati, Ohio (Byron B. Harlan and Frederic W.

Johnson, both of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and MILLER, Circuit Judges.

PER CURIAM.

Appellant, George Martin, was charged in an indictment, containing five counts, with violations of Title 18, Sec. 398, United States Code, 18 U.S.C.A. § 398. He was convicted on the first, second, fourth and fifth counts. Sentence was suspended on the first and second counts but was imposed on the fourth and fifth. Appellant complains of the denial of a directed verdict and of the court's action in overruling his supplementary motion for a new trial.

■ We deem it unnecessary to set out the testimony in detail. It is enough to say that there was substantial evidence to support the verdict.

Appellant's chief contention is that the court should have granted a new trial for newly discovered evidence.

The first count of the indictment alleges that on or about the 26th day of January, 1945, appellant caused a girl, Anna Lee Hicks, to be transported in interstate commerce from a point in Kentucky to and into the City of Cincinnati, Ohio, for an immoral purpose, to wit, with the intent to induce her to engage in immoral practices at Cincinnati.

The second count is similar except that the date of the alleged offense was on or about the 25th day of February, 1945.

The girl, Anna Lee Hicks, testified that from January 25, 1945, to February 19, 1945, she was registered at the Strand Hotel in Cincinnati and was there engaging in prostitution. She further testified that she returned to Manuel, Ky., on February 19, 1945, and came back to Cincinnati on February 26, 1945, when she again engaged in prostitution at the hotel. She further testified that on January 19, 1945, and on February 19, 1945, when she returned to Manuel, Ky., she stayed with her uncle and aunt, Elihue Couch and Rosie Couch.

The transcript indicates that upon his motion for a new trial, appellant introduced the affidavits of Chester Jennings, Chief of Police of Hazard, Ky., Arthur Hicks, the father of Anna Lee Hicks, and Elihue Couch, her uncle. The affidavits are not incorporated in the bill of exceptions but are identified by the court in its order denying the motion for a new trial and we therefore consider them. We do not go into detail as to their contents. It is enough to say that they contradict the testimony of Anna Lee Hicks in the matters above indicated. They tend to show that she was not continuously engaged in prostitution at the Strand Hotel during the periods testified to by her.

■ Appellant's contention is that these affidavits show that Anna Lee Hicks committed perjury touching certain material features of her testimony. We do not concur in this view. The District Judge was not compelled to believe that appellant was convicted on the perjured testimony of Anna Lee Hicks. It is a well settled rule that whether a court grants or refuses a new trial upon newly discovered evidence of a contradictory and impeaching character rests in the sound discretion of the court. Holmgren v. United States, 217 U.S. 509, 521, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, 893; Chambers v. Anderson, 6 Cir., 58 F.2d 151, 152, 154; Glenberg v. United States, 6 Cir., 281 F. 816, 818; Big Brushy Coal & Coke Co. v. Williams, 6 Cir., 176 F. 529, 533. No abuse of discretion is indicated here. Indeed, appellant has adduced no evidence, either his own testimony or otherwise, to indicate that the matter contained in the affidavits was newly discovered. The affidavits were ex parte, the affiants were not brought into court where they might have been subject to cross-examination, and where the court might have had an opportunity to observe their manner and demeanor. Under such circumstances the application for a new trial cannot be favored. Casey v. United States, 9 Cir., 20 F.2d 752, 754.

Finally, it is not contended that the affidavits in question affected in the least the validity of the verdicts upon the fourth and fifth counts of the indictment.

Judgments affirmed.