## BURNESON v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. June 10, 1927.

No. 4836.

**1. Contempt** ⊖⊃66(7)—**Trial court's fact findings in contempt proceedings, supported by substantial evidence, are conclusive on review by writ of error.**

Findings of fact made by trial court in contempt proceedings for willfully and corruptly endeavoring to influence a prospective juror in a pending criminal cause are conclusive on appellate court on review by writ of error.

**2. Contempt** ⊖⊃60(2)—**Pertinent circumstances leading up to contempt charged held properly considered, in proceedings to punish for attempting to influence prospective juror.**

In proceedings to punish accused for contempt of court for willfully and corruptly endeavoring to influence a prospective juror in a pending criminal cause, circumstances and sequence of events culminating in the alleged contemptuous acts of accused *held* properly considered, not only because accused's counsel consented thereto, but because circumstances were relevant.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Daisy L. Burneson was convicted of contempt of court in willfully and corruptly endeavoring to influence a prospective juror in a criminal cause then pending in court, and she brings error. Affirmed.

F. B. Kavanagh, of Cleveland, Ohio (F. F. Gentsch, of Cleveland, Ohio, on the brief), for plaintiff in error.

D. C. Van Buren, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and M. E. Evans, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. On information filed in the District Court for the Northern District of Ohio, Eastern Division, plaintiff in error was charged with contempt of court in willfully and corruptly endeavoring to influence a prospective juror in a criminal cause then pending in court. From a conviction thereon she has prosecuted error, upon the ground that the evidence did not warrant a conviction, under which it is subsidiarily argued that the trial court erroneously acted upon incompetent evidence received at the hearing, and similarly considered facts referred to as "the sequence of events," not offered in evidence.

[1] The review here is by writ of error, and we must accept the finding of fact made by the trial court, if supported by substantial evidence. Bessette v. Conkey, 194 U. S. 324, 24 S. Ct. 665, 48 L. Ed. 997; Sona v. Aluminum Castings Co. (6 C. C. A.) 214 F. 936; Kelly v. United States (9 C. C. A.) 250 F. 947. That we might have drawn a different conclusion from the evidence does not affect the application of this rule. Swepston v. United States (6 C. C. A.) 251 F. 205. We have fully considered the evidence, and are content to say, without reviewing it, that there was substantial evidence to support the finding of guilt.

[2] Nor do we find that the "environment" considered by the court was inadmissible. What was thought pertinent under that designation was put into the record with the consent of counsel for the accused, and, as we view it, directly bore upon the motive of the accused in committing acts which were alleged to have been intended to influence the juror. Upon this hypothesis, if none other existed, although another does in the inseparable relation of the environment to the acts, this evidence was of the utmost relevancy.

The sequence of events culminating partially in the alleged contemptuous acts was a relevant matter. Some of the facts constituting this sequence were, as stated, put into the record with the consent of the accused; and while the court had other information brought to his attention in the investigation of a conspiracy to influence certain members of the jury which had more or less bearing upon the acts of the accused, it does not appear that he considered those facts in reaching his conclusion. In the opinion of a majority of the court, the complaint in this respect is wholly lacking in substantial support, and nothing appears in the record tending to show that the action of the court was based on anything other than a fair consideration of what was properly admitted as evidence of a willful and corrupt attempt to influence the juror.

The judgment is affirmed.