## ALBERTY v. UNITED STATES.
### No. 8413.

Circuit Court of Appeals, Ninth Circuit.
July 19, 1937.

462

Kellogg & Matlin, by Hiram T. Kellogg, all of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Howell Purdue, Asst. U. S. Atty., both of Los Angeles, Cal.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, Mrs. Adah Alberty, was convicted on ten counts of an information charging violations of the Food and Drugs Act, §§ 2 (as amended), 8, 34 Stat. 768, 771 (21 U.S.C.A. §§ 2, 10) in that she shipped in interstate commerce certain articles willfully misbranded. The articles were "Alberty's Calcatine," labeled to be used for acidosis, indigestion, "calcium starvation," diarrhea, brain irritation, and a number of other afflictions; "Alberty's Liver Cell Salts" for "Ailments marked by excessive secretions of bile and derangement of

the liver, gravel, sand in the uterine, biliousness, headache with vomiting of bile, bitter taste, diabetes, trouble arising from living in damp places, malaria, gout"; "Alberty's Lebara Organic Pellets" for acidosis, dormant liver, and other ills; and "Alberty's Anti-Diabetic Vegetable Compound Capsules." This last material purported, apparently, to be effective only for diabetes.

Appellant, without requesting the giving of an instruction for a verdict for defendant, and without claiming in her assignments of error that there is no sufficient evidence to warrant the verdict, asks us to review the 178 pages of testimony in the transcript to determine whether there is such sufficiency. Her counsel asserts that he undertook the defense in this criminal case without preparing himself in federal procedure, to the extent of making available for his client this elementary requirement. The frankness of counsel's admission is commendable. Aside from a lack of knowledge of procedure, the record shows a well-conducted defense below and here. However, if such a claim were a cure for error, it would tend to encourage the presence in federal trials of lawyers who relied upon their knowledge of state procedure and neglected the preliminary study of that of the federal courts.

■ Under our rules a claim of plain error may at our discretion be considered though not assigned. However, it is essential that at least the claim is plain. Here appellant's brief makes general statements as to inferences to be drawn from the testimony, but neither cites the testimony itself nor refers to the pages of the long transcript in which it appears. Wiborg v. U. S., 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289, and other cases cited, where the discretion has been exercised, have been cases of offenses involving imprisonment for considerable terms. Here there are mere fines of $100 for each violation of a statute creating misdemeanors, and we see no abuse of discretion in declining to ignore the absence of the request for the instruction and the assignment of error.

The assignments of error raise questions as to the admissibility of certain evidence, the propriety of questions by government counsel and certain of the court's remarks and instructions.

■ It was stipulated that the materials mentioned were shipped in interstate commerce by the defendant. The government offered in evidence certain books or pamphlets which were also shipped in interstate commerce and generally distributed. These were "Calcium, the Staff of Life," "Alberty's Treatment for Diabetes," and "The Hourglass." The defendant was the author of these works. They dealt with the necessity for and the use of the articles charged to be misbranded, although they were not sent with or attached to the articles.

Appellant asserts error in the admission of this literature by reason of its irrelevancy and prejudicial character. The evidence was not irrelevant. The indictment presented the issue whether the claims on the labels were false and fraudulent. It was properly admissible to show defendant's knowledge as to the truth or falsity of such claims made on the labels of the articles which she is charged to have misbranded. Obviously if false and extravagant claims as to "Calcatine," for example, were made in a pamphlet spread abroad by the defendant, it would be persuasive evidence that similar claims on the brand of the article itself were false and fraudulent. Mitchell v. U. S. (C.C.A.2) 229 F. 357, 361, and cases cited.

■ Save for excerpts, the court's instructions to the jury are not set out, so we presume that they were correctly instructed as to the evidence offered.

■■ Error is assigned to the following question put to defendant, a witness in her own behalf, by government counsel:

"Q. Now, Mrs. Alberty, I will ask you if you don't know it to be a fact, after you came to Los Angeles and the Alberty's Foods [a product not involved in this case] were distributed to infants here, that dozens upon dozens of babies were taken to the then City Health Department right across the street from this building and there had to be treated as a result of taking Alberty's Food? A. Absolutely no. I never ever heard of it."

Such questions well could be deemed improper. They, too, frequently occur in the heat of criminal causes. However, here the appellant apparently was satisfied with a negative answer and did nothing. That concluded the matter. Whatever hesitation counsel may have regarding a

claim of misconduct of a trial judge, there should be none in claiming it against the prosecutor. It should be made at once. The court should be given the opportunity for instant correction and, if the offense be sufficiently hurtful, declare a mistrial. Counsel cannot occupy the instruments of justice, the court and jury, in an extended trial and, without objection or motion for relief, raise such questions on appeal.

 Error is assigned to a portion of the cross-examination of George Hyland, pharmacist, a defense witness. The government was permitted to ask and receive an affirmative answer to the question whether there was not at that time a charge against him of manufacturing and selling some of the same material which the defendant was accused of misbranding. There was no exception to the admission of this testimony, so it would not have to be considered. However, the record shows that the court limited the effect of the evidence to the question of the witness' interest or bias in the case. So limited, it was entirely proper.

The defendant complains of the action of government counsel in repeatedly attempting to bring out facts showing the large profit allegedly made by the defendant in the sale of her articles. The court excluded testimony on this factor and instructed the jury that the element of profit was not an element of the offense, and that they could not consider it other than that it might "furnish a motive for the defendant to do what otherwise she might not have done." The instruction was not excepted to. There is no basis for assuming that the conduct of counsel in asking questions on this aspect of the case was prejudicial, in view of the fact that the testimony was excluded and the matter covered by an instruction of which no complaint was made.

There were other assignments, based on remarks of the court, upon certain items of evidence, and matters contained in the court's instructions. They are relatively minor points and it is not made to appear that there was any prejudice to the appellant in the matters alleged. In any case they were not properly objected or excepted to in the court below.

The court sentenced the defendant to pay a total of $1,000 fine ($100 on each count) and the costs of prosecution, amounting to $1,499.80, making a total judgment of $2,499.80. Error is assigned to this assessment of costs. There is nothing to the assignment. R.S. § 974 (28 U.S.C.A. § 822) provides that upon conviction for any offense not capital the court may award the costs of prosecution against the defendant. Appellant says the award was so excessive as to be a cruel and unusual punishment. There is nothing in the record to bear out that statement.

Affirmed.