## UNITED STATES ex rel. BROWN, Price Adm'r, v. LEDERER.

### No. 8405.

Circuit Court of Appeals, Seventh Circuit.

Oct. 7, 1943.

Lloyd C. Moody and John Elliott Byrne, both of Chicago, Ill., for appellant.

John F. Manierre and Robert B. Johnstone, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In this case Prentiss M. Brown, Administrator of the Office of Price Administration, brought suit to enjoin the defendants, Adolph Lederer and Arthur Lederer, co-partners doing business under the name A. Lederer Company, from selling meat for a price higher than the ceiling

set by Maximum Price Regulation·No. 169, 7 Fed.Reg. 10381 (1942), as amended, which was promulgated pursuant to the terms of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 901, as amended, 56 Stat. 765. A preliminary injunction was issued in conformity with the prayer of the complaint. Subsequently, on motion duly made by the Administrator, a rule was issued directing the defendants to show cause why they should not be punished for contempt of court for violation of the preliminary injunction. Adolph Lederer was found not guilty, and as to him the rule to show cause was discharged, but Arthur Lederer was found guilty of contempt and sentenced to a year and a day. He appeals from this sentence, and his notice of appeal of September 14, 1943, which fully complies with the requirements of Rule 3 of the Rules of Criminal Procedure, 18 U.S.C.A. following § 688, was filed ·within five days from the judgment of the trial court. Appellee makes a motion to dismiss the appeal.

■ While conceding that a final judgment is involved here and that circuit courts of appeals have "appellate jurisdiction to review * * * final decisions * * * in the district courts," 28 U.S.C.A. § 225, ·appellee contends that no appeal lies because this statute does not contain any provisions guaranteeing an appeal and does not provide any method of procedure.

We believe this appeal is governed by the rules applicable to the appeal of criminal cases. By the Act of February 24, 1933, 47 Stat. 904, Sections 1-3, as amended, 18 U.S.C.A. § 688, power was conferred upon the Supreme Court to prescribe "* * * rules of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court * * *." That Act specifically preserved the right to appeal "in those cases in which appeals are now authorized by law," and gave the Supreme Court power to make rules governing the manner of taking appeals. Appellate review of a· conviction for criminal contempt was authorized at that time,[1] and on May 7, 1934, pursuant

to 18 U.S.C.A. § 688, the Supreme Court promulgated Rules of Criminal Procedure After Plea of Guilty, Verdict or Finding of Guilt. Title IV of the Rules of the Circuit Court of Appeals for the Seventh Circuit, which is applicable to criminal cases, is prefaced by the statement that the Rules of the Supreme Court, promulgated under the authority of the aforementioned stat-·ute, shall govern criminal procedure in the Circuit Court of Appeals. Since the procedure prescribed in these Rules was complied with, the issue may be narrowed to whether these Rules are applicable.

Appellee relies upon Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, as support for his contention that these Rules are not applicable, asserting that the Supreme Court stated in that case that the Criminal Appeals Rules were not applicable to an order adjudging persons guilty of criminal contempt. But the Supreme Court's objection to applying the Criminal Rules in the Nye case was simply that the statute, 18 U.S.C.A. § 688, should not be extended *by interpretation*. The Supreme Court said nothing against expansion by statutory amendment, and even appellee virtually concedes that the rule of this case has now been changed by statute, for (quoting from his brief) he states: "Apparently by reason of the decision of the Supreme Court in Nye v. United States, above cited, Congress (by Act of November 21, 1941, c. 492, 55 Stat. 776 [779] [18 U.S.C.A. § 689] extended the provisions of 18 U.S.C.A. 687 and 688 'to proceedings to punish for criminal contempt of court.' " This statute makes it clear that the Rules are applicable as appellee comes close to admitting. In view of the clear language and meaning of this Act of November 21, 1941, 18 U.S.C.A. § 689, the only possible conclusion is that the Criminal Appeals Rules are now applicable to an order adjudging persons guilty of criminal contempt. And there is no merit in appellee's contention that this section is not self-executing, that is, that the Supreme Court could, but has not, extended the rules promulgated by it to cover criminal contempts; for we think it is very clear that Congress

---

[1] Compare In the Matter of Christensen Engineering Company, 194 U.S. 458, 24 S.Ct. 729, 48 L.Ed. 1072; see, also Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997, and Doyle v. London Guarantee & Accident Company, Ltd., 204 U.S. 599, 605, 27 S.Ct. 313, 51 L.Ed. 641. That circuit courts of appeals were reviewing criminal contempt cases, see, for example, Burneson v. United States, 6 Cir., 19 F.2d 780.

contemplated that proceedings to punish for criminal contempt of court should be treated in like manner, with respect to appeal, as proceedings in criminal cases after verdict, after finding of guilt by the court or after plea of guilty. Since the Criminal Appeals Rules are unquestionably applicable in the latter instances, they should likewise be applicable in the former, and extension of the Rules by official promulgation by the Supreme Court would be an act of supererogation.

■ Appellee also argues that § 389 makes § 388 of 28 U.S.C.A. inapplicable and thus no statutory authorization for appeal exists in the sections of the applicable statutes governing contempt.

If this theory of our criminal law were accepted, it would mean that any statute declaring certain conduct to be a crime must also specifically authorize an appeal, otherwise, one convicted of violating it could not obtain appellate review. Such is not the law, for circuit courts of appeals are expressly endowed with the right to hear appeals from final decisions of district courts in all cases, and thus in criminal cases, by virtue of a general statute giving them appellate jurisdiction, 28 U.S.C.A. § 225. It does not seem reasonable to believe that Congress meant to preclude all appeal, to foreclose application for appellate review, by the enactment of § 389. That section merely provides that the contemnor "may be punished in conformity to the usages at law and in equity prevailing on October 15, 1914." At that date, a person punished by trial court for criminal contempt could certainly have applied to the circuit court of appeals for a writ of error[2] if he thought the trial court had not acted in accordance with law, and we do not believe that § 389 was meant to forbid this salutary consideration by an appellate tribunal. Moreover, Section 688 of Title 18 U.S.C.A. *expressly* confers a right of appeal in those cases in which appeals were authorized by law in 1933, and appellee concedes that a person convicted of criminal contempt was legally authorized to seek appellate review at that time; and now Section 689 of that Title *expressly* extends the provisions of Section 688 to proceedings to punish for criminal contempt of court. Accordingly, the motion to dismiss the appeal is denied.

[2] See the first three cases cited in footnote 1.