### RAPP v. UNITED STATES et al.
#### No. 10677.

Circuit Court of Appeals, Ninth Circuit.

Dec. 22, 1944.

Arthur P. Shapro, of San Francisco, Cal. (Raymond T. Anixter, of San Francisco, Cal., of counsel), for appellant.

George Moncharsh, Atty., O.P.A., of San Francisco, Cal., and Fleming James,

Jr., Director of Litigation, David London, Chief, Appellate Branch, Abraham Glasser, Sp. Appellate Atty., and A. M. Dreyer, Atty., O.P.A., all of Washington, D. C., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Appellant Marcia Rapp, also known as Sally Stanford, appeals from a judgment holding her guilty of six acts of criminal contempt in charging and receiving from six tenants of a dwelling owned by her at 829 Bush Street, San Francisco, rentals of $75 per month each, whereas their rent had been $55 per month each, as determined by a Rent Regulation for Housing, issued pursuant to the Emergency Price Control Act of 1942 as amended, 50 U.S. C.A.Appendix § 901 et seq., each in violation of a preliminary injunction of the District Court restraining her from making such charges. The case was tried without a jury. On each of three of the violations she was sentenced to 30 days' imprisonment, the sentences to run concurrently. On three others she was fined $500 each, a total of $1,500.

The violated injunction was issued in an action in that court and served on appellant. Its validity is not questioned here, nor is the collecting of the $75 per month rents by appellant's agents.

The court was advised of eight claimed violations of the injunction by a request for prosecution by the Price Administrator detailing them under the letters A to H, inclusive, and by the affidavit of William R. Weill, an employee of the Office of Price Administration, giving them in similar detail and describing them as a plurality of offenses, stating, "That the aforementioned acts of said Marcia Rapp are deliberate and flagrant violations of the said preliminary injunction issued by the above entitled Court."

An order to show cause describing the eight violations, together with a copy of the Weill affidavit, was served on appellant. She answered. with a general denial that she had violated the injunction "in all or any of the particulars set forth in said Order to Show Cause and/or in Paragraphs A, B, C, D, E, F, G, and H thereof, or any of them."

Despite the recognition of the plurality of offenses by appellant's answer, she claims that she was not sufficiently advised she was to be tried on all of them because the order to show cause, after describing the eight alleged violations, used the singular nouns "contempt" and "violation" in ordering her to show cause " * * * why she should not be found guilty of criminal contempt of this Court by reason of her aforesaid violation of the said preliminary injunction and punished for said contempt by fine or imprisonment, as the Court may deem just and proper." Hence, appellant claims, the judgment is invalid because imposing both fine and imprisonment while the statute, 28 U.S.C.A. § 385, permits only one or the other. Cf. In re Bradley, 317 U.S. 50, 51, 63 S.Ct. 470, 87 L.Ed. 500.

We do not agree. We take it that here as in many situations the singular noun, preceded by the eight detailed acts of contempt, is inclusive of the plural. A similar situation arose in the Fifth Circuit in the case of Hoffman v. United States, 7 Cir., 13 F.2d 278, 279, where the respondent was convicted of several contemptuous violations of an injunction. There a question arose: " ' * * * as to whether or not any claim would be made by said respondent as to the alleged failure of the United States attorney to file a petition against said respondent Hoffman charging *contempt* of court.' In response thereto, Hoffman 'waived any objection to said proceedings upon the alleged failure to file a petition charging said respondent with *contempt* of court,' and stipulated that he 'had been and was then fully advised, and had been duly, properly, and sufficiently informed, of the *contempt* against which he was required to defend.' " [Emphasis supplied.]

As to the claim that the accused only stipulated that he was properly informed of a single "contempt", the court decided against him, stating: "The facts were then all before the court, and plaintiff in error, before the stipulation was made, knew, not only the facts, but that it was proposed to punish him separately for disobedience of each writ of commitment. He was not misled by the use of the word 'contempt,' instead of the word 'contempts.' "

We hold that appellant was sufficiently advised of the six offenses upon which evidence was successively introduced and of which she was convicted, and

that the District Court committed no error in its sentence.

■ Appellant claims error in the admission of certain cards recording appellant's receipt of the rentals in question, kept by appellant's agent in the course of appellant's business as owner of the apartment house. They were clearly admissible under 28 U.S.C.A. § 695.[1] Zimberg v. United States, 1 Cir., 142 F.2d 132.

■ Appellant also claims the evidence is insufficient to sustain the judgment because her guilt is shown only on the testimony of appellant's employee who collected the rents for appellant and delivered them to her, such agent necessarily being an accomplice. There is no merit in this contention. Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168; Holmgren v. United States, 217 U.S. 509, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Lung v. United States, 9 Cir., 218 F. 817; Kearns v. United States, 9 Cir., 27 F.2d 854.

■ Appellant's testimony contradicting that of her agent of appellant's wilful violation of the injunction was regarded as false by the court. Appellant objects to further evidence of wilfulness in the testimony of one of the tenants that on August 2 appellant said to him "* * * that she didn't give a damn what the O.P.A. or anybody else says, that I was going to pay her $75.00 a month rent." This statement was prior to the service of injunction and appellant claims that its contemptuous attitude toward the Price Administrator, an administrative officer of the United States, is not evidence of a contempt of the subsequent injunction issued by a judge of the United States—in other words, such a judge is not within the words "anybody else." The appellee contends that evidence of wilful intent shown by prior statements and conduct is admissible in such a prosecution for criminal contempt, citing Jones v. United States, 258 U.S. 40, 42 S.Ct.

218, 66 L.Ed. 453; Moore v. United States, 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; Alberty v. United States, 9 Cir., 91 F.2d 461, 463; Hallowell v. United States, 9 Cir., 253 F. 865; Houston v. United States, 217 F. 852; and Lueders v. United States, 9 Cir., 210 F. 419. We agree that her contemptuous intent shown in this statement to her tenant is within the area of relevance established by these cases.

The judgment is affirmed.

---

[1] 28 U.S.C.A. 695. "In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include business, profession, occupation, and calling of every kind."