## HUFFMAN v. UNITED STATES.
### No. 3074.

Circuit Court of Appeals, Tenth Circuit.
April 7, 1945.

Owen F. Renegar, of Oklahoma City, Okl., for appellant.

Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Pursuant to section 205(a) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 58 Stat. 640, 50 U.S. C.A.Appendix, § 901 et seq., the Administrator of the Office of Price Administration instituted in the United States Court for Western Oklahoma an action against L. H. Huffman to enjoin the demanding or

944

receiving of rentals on certain properties in Oklahoma City in excess of those established by Maximum Rent Regulation No. 53. The defendant appeared, a hearing was had, and a preliminary injunction was granted. While the injunction was in force and effect, the defendant violated it by demanding and receiving rentals in excess of the maximum legal rate and by the serving of a notice to vacate. The Administrator, on behalf of the United States, filed in the court an application for an order to show cause why Huffman should not be punished for contempt. An order to show cause was entered. No response was interposed, but a stipulation was filed which disclosed the receipt of excess rentals and the giving of the notice to vacate. The court adjudicated the defendant to be in contempt and imposed a fine of $1,000. The order contained a provision that in the event the defendant should furnish the court with satisfactory proof that restitution of overcharge had been made to any tenant involved in the action, the fine would be reduced by an amount equal to the restitution. The appeal is from that order.

■■■■ Appellant does not question the procedural manner in which the violation of the restraining order was presented to the court for consideration. He challenges the order imposing the fine on the ground that it is unreasonable and unconscionable. Section 268 of the Judicial Code, 28 U.S.C.A. § 385, empowers a district court to punish by fine or imprisonment, at its discretion, for contempts. There is nothing in the statute which limits the punishment, except the reasonable discretion of the court. And since the matter rests in the sound judicial discretion of the court, an order imposing punishment on a contemnor will not be disturbed on appeal for being unreasonable unless the discretion has been grossly abused. In Rapp v. United States, 9 Cir., 146 F.2d 548, the defendant in the trial court was found guilty of six acts of criminal contempt in charging and receiving rentals exceeding in amount those fixed in the pertinent Maximum Price Regulation, in violation of a preliminary injunction; and she was sentenced to imprisonment for terms aggregating ninety days and to pay fines in the aggregate amount of $1,500. The judgment was not attacked for being excessive, but it was sustained

on appeal. In United States v. Lederer, 7 Cir., 140 F.2d 136, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568, the defendant was charged with contempt committed by the making of sales of meat in violation of a preliminary injunction which restrained him from selling at prices in excess of those fixed in the applicable Maximum Price Regulation. He was found guilty and sentenced to imprisonment for a year and a day. The sentence was expressly attacked on the ground of being excessive, and it was upheld. Here, there were five separate and distinct violations of the restraining order, and there is no room for doubt that they were deliberate and flagrant. It cannot be said in these circumstances that the punishment was unreasonable or unconscionable.

■■■■ It is further contended that the order appealed from cannot stand because it imposes punishment for the violation of a temporary injunction in a civil action in which no final judgment has been entered. To sustain the contention, cases are cited and relied upon in which it is held that a proceeding as for civil contempt for the violation of a preliminary injunction entered in a civil action cannot be maintained after such preliminary injunction has been superseded by the final judgment. There are well recognized differences between a proceeding as for civil contempt and a proceeding for criminal contempt for the violation of a preliminary injunction or other restraining order where the violation occurred before the injunction or order has been merged into final judgment but the proceeding in contempt is instituted afterwards. Be those differences as they may, there is no present need to consider them because here the preliminary injunction in the civil action was in force and effect at the time the excess rentals were received and at the time the notice to vacate was served, and it is not shown that such injunction has ever been terminated either by dissolution or by being merged into final judgment. So far as the record discloses, it may still be in force and effect. And the power of the court to impose punitive punishment for its violation is not open to doubt. Carter v. United States, 5 Cir., 135 F.2d 858; Rapp v. United States, supra; Taylor v. Bowles, 9 Cir., 147 F.2d 824.

Affirmed.