## MOORE v. UNITED STATES.

No. 3096.

Circuit Court of Appeals, Tenth Circuit.

July 2, 1945.

Writ of Certiorari Denied Oct. 8, 1945.

See 66 S.Ct. 52.

J. B. Dudley, of Oklahoma City, Okl. (A. D. Howell and Dudley, Duvall & Dudley, all of Oklahoma City, Okl., on the brief), for appellant.

Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Chester Bowles, Administrator of the Office of Price Administration, instituted a proceeding against appellant in the United States District Court for the Western District of Oklahoma, charging him with violations of the price ceiling regulations in the sale of used cars, and asking for an injunction to prevent future violations. On September 9, 1944, a temporary injunction was entered enjoining appellant from selling cars in excess of ceiling prices, and enjoining him from offering cars for sale without having attached thereto proper price tags as required by the regulations.

On September 29, 1944, the United States filed a criminal contempt proceeding against appellant charging him with wilful and intentional violations of the temporary injunction. A show cause order was issued. Appellant filed a response, in which he denied violating the provisions of the temporary injunction. At the hearing on the order to show cause, the government adduced evidence showing that twelve days after the injunction was entered, appellant violated it in four instances on the same day by selling to each of two members of the United States Merchant Marine an automobile in excess of the maximum price permissible under the regulation in force at the time. The evidence also established that neither of these cars carried a price tag as required by the regulations and by the terms of the temporary injunction. Appellant did not contest the evidence of the government in any way, and offered no evidence in his own behalf. The court found him guilty of contempt and fined him $5,000.00. The judgment provided that if he furnished satisfactory proof showing repayment of the amount of money illegally exacted, such amount would be credited on the fine.

■ While no motion to dismiss the appeal was filed, the government in its brief questions the jurisdiction of this court to entertain this appeal. The contention being made is that appeals in criminal contempt proceedings are governed by 28 U.S.C.A. § 230, and not by the Rules of Criminal Procedure adopted by the Supreme Court of the United States. If the appeal is governed by Rule 3 of the New Rules of Criminal Procedure, 18 U.S.C.A. following section 688, it was timely and properly taken.

Under 28 U.S.C.A. § 230, an order allowing the appeal must be obtained. No written application for an order allowing the appeal was made, and no such order was entered. The government contends that failure to obtain such an order voids the appeal and deprives this court of jurisdiction.

■ It is our conclusion that the appeal is governed by the New Rules of Criminal Procedure adopted by the Supreme Court. The government relies upon Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, to sustain its position. The Supreme Court there held that the Act of March 8, 1934, 18 U.S.C.A. §§ 687, 688, conferring power upon the Supreme Court to adopt criminal rules of procedure, did not grant power to make such rules applicable to appeals in criminal contempt cases and that therefore they are governed by 28 U.S.C.A. § 230. After the Nye decision, Congress passed the Act of November 21, 1941, 18 U.S.C.A. § 689, expressly providing that the provisions of Sections 687 and 688 should apply to proceedings in criminal contempt cases. The argument by the government that the Act of November 21, 1941, merely authorizes the Supreme Court to make rules applicable to criminal contempt cases and that since the Supreme Court has not done so since the passage of the Act, appeals in criminal contempt cases are not governed by the New Rules, is without merit. It was the clear intent of Congress by this Act to bring criminal contempt proceedings within the rules adopted by the Supreme Court. See United States v. Lederer, 7 Cir., 139 F.2d 861. The decision of the Supreme Court in United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, decided since the passage of the 1941 Act and since the decision of United States v. Lederer, supra, is not in our opinion in conflict with these views.

In its petition for certiorari in the White case, the government pointed out that respondent had taken his appeal to the Circuit Court by notice, under the New Rules, rather than by an order allowing the appeal, under 28 U.S.C.A. § 230. Certiorari was not granted, however, to settle this question. Certiorari was granted to settle the important question whether the constitutional immunity against incrimination permitted the president of a local union organization to refuse to produce records of the union in his possession, under subpoena, on the ground that they might tend to incriminate himself. This is the only question discussed in the opinion. The opinion does not discuss the Nye decision, nor refer to the Lederer case, nor to the Act of November

21, 1941. The only reference made to the manner in which the appeal was taken to the Circuit Court of Appeals is in a footnote which merely states that an oral application for appeal was allowed by the trial court. Under these circumstances we do not feel that the White case constitutes an adjudication of the Act of November 21, 1941, or that it overrules the decision in the Lederer case.

The ground upon which reversal is sought is that the fine imposed is excessive and unreasonably burdensome and that the court abused its discretion in imposing so heavy a fine.

■ At the outset it must be conceded that the violations of the provisions of the injunction were wilful and premeditated. There are no extenuating circumstances which would commend the appellant to the mercy or leniency of the court. The petition for the injunction charged him with refusing to post price tags on his cars and with selling them in excess of ceiling prices, in violation of the regulations. The court entered the temporary injunction enjoining him from charging unlawful prices and requiring him to post price tags until the case could be finally heard. Within twelve days he deliberately and intentionally violated the express mandate of the court in four known instances. This shows an utter contempt and lack of respect for the court and its judgment. His conduct does not entitle him to appeal to the mercy and leniency of the court. He may complain only if the judgment is unreasonable, excessive and arbitrary.

■ Section 268 of the Judicial Code, 28 U.S.C.A. § 385, empowers the court to punish for contempt by either fine or imprisonment at its discretion. The principles which must guide the court in imposing punishment for contempt and which must guide us in reviewing the action of the trial court are stated by us in Huffman v. United States, 148 F.2d 943, 944, as follows:

"There is nothing in the statute which limits the punishment, except the reasonable discretion of the court. And since the matter rests in the sound judicial discretion of the court, an order imposing punishment on a contemnor will not be disturbed on appeal for being unreasonable unless the discretion has been grossly abused."

Whether the court grossly abused its discretion can be determined only from a consideration of all the facts and circumstances surrounding the case. Price control was thought essential to the winning of the war by those charged with the responsibility of this titanic struggle. It is the duty of all loyal citizens to abide by such regulations. To deliberately and intentionally violate them is to·impede to that extent our war effort. This in itself constitutes a grave and serious offense. But to wilfully and intentionally hold in contempt the solemn judgment of a court enjoining such violations until the final hearing could be held is a more serious offense. Such conduct breeds disrespect for lawful authority and brings government into disrepute.

■ The size of the fine alone does not make it arbitrary. It may be conceded that a fine which is beyond the ability of one to pay or which takes the substantial portion of one's assets would be excessive and arbitrary. But there is no evidence in the record from which we can say that the payment of this fine would impose an unreasonable or destructive burden upon appellant. The only reference to the matter was in the statement by appellant's attorney to the trial court that appellant was "probably worth fifteen or twenty thousand dollars." On the other hand, before the court imposed the fine, it requested the probation officer to investigate appellant and submit a report to the court for its guidance in the imposition of the sentence.

In Rapp v. United States, 9 Cir., 146 F.2d 548, the defendant was sentenced to pay a fine of $1,500 and serve ninety days in jail for violating an injunction enjoining receipt of rent in excess of the ceiling price. In United States v. Lederer, supra, a sentence of a year and a day was imposed for violating a preliminary injunction enjoining selling at more than ceiling prices. The sentence was attacked on the ground of being excessive. It was upheld by the Circuit Court. In Huffman v. United States, supra, we upheld a fine of $1,000 for five violations of a preliminary injunction.

■ Had appellant been convicted of these four violations in a criminal proceeding, he could have been fined a maximum of $20,000 and imprisoned for eight years. We would not be justified in overruling a fine of $5,000 for these four violations if imposed in a criminal proceeding on the ground that it was excessive. This in itself does not establish the reasonableness of this fine. But the gravity which Congress attached to these offenses as evidenced by

the penalty in the criminal act is an element to be considered in determining whether a fine for contempt of the judgment of a court enjoining violations to which Congress attached such serious importance and which is much less than the permissible maximum fixed in the criminal statute is so arbitrary and unreasonable as to warrant us in substituting our judgment for that of the trial court.

A review of the entire record leads us to conclude that we cannot say as a matter of law that the imposition of this fine is so unwarranted, unreasonable and oppressive as to make the judgment of the trial court arbitrary and justify us in substituting our judgment therefor.

The judgment of the trial court is affirmed.

BRATTON, Circuit Judge (dissenting in part).

The function of the challenged order is to vindicate the authority of the court by punishing the acts of disobedience as a public wrong. But in a case of this kind the court must exercise judicial discretion in determining the extent of punishment which is reasonably adequate for that purpose. Huffman v. United States, 1C Cir., 148 F.2d 943.

Here, four violations of the preliminary injunction were charged and established. No others were even suggested. And the four were limited to the sales of two automobiles. It was charged and proved that in each instance the automobile did not bear the required label or tag, and that it was sold for an amount in excess of the ceiling prices. The excess in price totaled about $500. But the contumacy grew out of the sales of only two automobiles. At the time of the finding of guilt, it was stated to the court that appellant was forty-two years old, was married, and had one daughter; that the husband of the daughter was in the military service and was overseas; that appellant had lived in Oklahoma City eighteen years; that during that time he had been in business, primarily connected with the automobile business; that he had never been arrested for the violation of any statute, state or federal; that he owned his home, the property on which his business was located, and some other property; and that he was worth fifteen or twenty thousand dollars. These statements were made by an attorney of recognized personal and professional integrity, they were not challenged for inaccuracy, and they safely may be accepted as true. It therefore is clear that appellant was engaged in conducting a small used automobile business, and that payment of the fine will require a third or a fourth of his entire estate. In view of all the facts and circumstances, it is my conclusion that the punishment imposed was excessive and constituted an abuse of sound judicial discretion.