**PORTER v. GRANITE STATE PACKING CO. et al.**

No. 4143.

Circuit Court of Appeals, First Circuit.

June 5, 1946.

Albert M. Dreyer, of Washington, D. C. (George Moncharsh, Deputy Adm'r of Enforcement, Milton Klein, Director, Litigation Division, and David London, Chief, Appellate Branch, all of Washington, D. C., and William B. Sleigh, Jr., Regional Litigation Atty., of Boston, Mass., on the brief), for appellant.

Joseph Kruger, of Boston, Mass. (Harold Widett and Widett & Kruger, all of

Boston, Mass., and John P. Carleton, of Manchester, N. H., on the brief), for appellees.

Before DOBIE, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

These are consolidated cases coming before us on appeal from an order of the district court denying the application by the Price Administrator for an injunction restraining defendants from violating § 4(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901 et seq., 904 (a).

The Granite State Packing Company is the owner and operator of a slaughtering establishment in Manchester, New Hampshire. Alex Shapiro is the president and treasurer of the Packing Company and is also a director of that company and its majority shareholder. Mitchell Muskat is a director of the corporation, its office manager and one of its shareholders. The corporation and the two individuals above named are the defendants in these actions.

Pursuant to the authority vested in him by the Price Control Act, the Administrator promulgated certain regulations fixing maximum prices for the purchase of cattle.

In March, 1945, the Packing Company paid a total of $6,979.43 in excess of the price permitted by the Administrator's regulations. In April, 1945, overpayments amounted to $4,771.48 and in May, 1945, overpayments totalled $6,816.69. The defendants did not deny these overpayments but contended that the violations were unintentional and attributable only to the difficulties inherent in the application of the regulations. They asserted that they had made a diligent effort to comply with the statute and regulations and acted in complete good faith.

The district court [62 F.Supp. 585, 587], found that the defendants made some effort to comply with the regulations but said that it was "not impressed with their claim that good faith was exercised and that sufficient and proper precautions were taken. These violations were of a substantial character" and occurred in consecutive months. The court added that: "Their failure to comply with the regulation was not wholly involuntary." But the court refused to grant an injunction on the ground that the cessation of hostilities after the actions were instituted had caused the requirements of the government in respect to its demand for meat to be drastically revised. It did, however, order that the cases be retained on its docket "with the right of the administration on reasonable notice, and a showing that violations of the Act have been resumed, to again apply * * * for injunctive relief." The court said that had it not been for the cessation of hostilities and the consequential drop in government demand for meat "a different conclusion than the one herein reached would have probably been indicated."

It is clear that the granting of relief under the Price Control Act, as in all suits in equity, rests in the sound discretion of the court. The Hecht Company v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L. Ed. 754. But a court cannot deny injunctive relief because of the occurrence of an event which is not pertinent to the case at bar. The fact that hostilities had ceased is not a relevant consideration in the instant case. That event did not lessen the necessity for price control. But more significant, Congress has not seen fit to abolish price control. We cannot vitiate an Act of Congress on the theory that that Act is no longer necessary. Only Congress can repeal the Emergency Price Control Act. Until Congress sees fit to do so, we must enforce that Act as vigorously as we enforce any other legislative enactment.

The district court in denying the injunction placed great emphasis on the fact that hostilities had ceased. It should redetermine the question of the relief to be granted without consideration of that fact, and set forth in clear terms the basis for its conclusion.

The judgments of the District Court are vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.