TIMMONS v. UNITED STATES.

PORTER, Price Administrator, v. TIMMONS.

No. 5526.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1946.

apartments and for the furniture therein exceeding in the aggregate the ceiling price, and that these separate charges were merely a scheme to evade the orders of the Price Administrator. Appellant strenuously contends that the evidence did not warrant her being adjudged guilty of contempt, but the questions on this aspect of the case are purely factual and we cannot say that the able judge who saw and heard the witnesses was not justified in his findings. The questioning of witnesses by the court, of which complaint is made, was a matter resting in the court's discretion and we do not think that the discretion was abused. The admission of evidence of other violations of the injunction was admissible on the question of knowledge and intent, which were put in issue by the nature of the defense. The contention that the appellant may not be punished for a violation of the injunctive order, because the OPA legislation, which appellant was enjoined from violating, had been enacted under the war power and hostilities had ceased at the time of the order, is so lacking in merit as not to warrant discussion. Likewise without merit is the contention that the legislation had expired at the time of the order appealed from, although not at the time of the act constituting the contempt which it punished. See Stewart v. Kahn, 11 Wall. 493, 20 L.Ed. 176; Porter v. Granite State Packing Co., 1 Cir., 155 F. 2d 786; Bowles v. Barde Steel Co., Or., 164 P.2d 692, 162 A.L.R. 328.

█ We note, however, that the sentence included both fine and imprisonment, whereas the statute authorized these punishments only in the alternative. 28 U.S. C.A. § 385; In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500. For this error the judgment appealed from must be reversed and the case remanded to the end that a proper sentence may be imposed. Kitt et al. v. United States, 4 Cir., 132 F.2d 920.

Reversed and remanded.

W. S. Houck and R. A. Palmer, both of Florence, S. C. (Willcox, Hardee, Houck & Palmer, of Florence, S. C., on the brief), for appellant.

Albert M. Dreyer, Chief, · Appellate Branch, Office of Price Administration, of Washington, D. C. (Claud N. Sapp, U. S. Atty., and John H. Lumpkin, both of Columbia, S. C., and Ray W. Humphrey, of Florence, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

█ This is an appeal from an order adjudging appellant guilty of contempt of court in violating an injunctive order against demanding or receiving rents in excess of the maximum rents established by the Office of Price Administration. She was sentenced to nine months imprisonment and to pay a fine of $1,000. The court found that she violated the injunctive order by making separate charges for