**WOODS v. FLISS et al.**

**No. 9526.**

Circuit Court of Appeals, Seventh Circuit.

June 23, 1948.

Clarence W. Hortsman, of Chicago, Ill., for appellants.

Ed Dupree, and Hugo V. Prucha, both of Washington, D. C., William S. Kaplan, of Chicago, Ill., and Nathan Siegel, of Washington, D. C., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellants are landlords adjudged guil·y of contempt of the District Court in failing to comply with the terms and provisions of a temporary restraining order entered

November 4, 1947, and issued in an injunction proceeding instituted by appellee. Appellee's complaint prayed for such restraining order and for preliminnary and final injunctions similarly restraining appellants. The appellants were fined $100 and costs and appellant Walter Fliss was committed to jail until he should comply with the said temporary restraining order.

The proceeding in the lower court was brought by plaintiff under the applicable provisions of the Housing and Rent Act of 1947, the Emergency Price Control Act of 1942, as amended, and the Controlled Housing Rent Regulation issued thereunder which established maximum rents for use and occupancy of controlled housing accommodations within the defense-rental area of Chicago, Illinois, which covered the said premises of appellants. (Secs. 204, 206(a, b), 209(a, b) of the Housing and Rent Act of 1947, Public Law Number 129, 80th Congress, 50 U.S.C.A.Appendix, § 1881 et seq.; Secs. 1(b), 4, 205(a, c) Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq.; Controlled Housing Rent Regulation, 12 F.R. 4331).

Section 2 of said regulation provides that: "No person shall offer, demand or receive any rent for or in connection with the use or occupancy on and after the effective date of the regulation of any housing accommodations higher than the maximum rents provided by the regulation." Said Section 2 further provides that a reduction in the minimum space, services, furniture, furnishings and equipment required under Section 3 of the Regulation shall constitute an acceptance of rent higher than the maximum rent.

Section 3 of said regulation provides that: "Every landlord shall, as a minimum, provide with housing accommodations the same living space, and the same essential services, furniture, furnishings, and equipment as those he was required to provide on June 30, 1947, in accordance with the Rent Regulation for Housing, issued pursuant to the Emergency Price Control Act of 1942, as amended."

Maximum rents have been charged and received by appellants for the dwellings situated in their said apartment building. The complaint of appellee alleged that appellants had violated Section 2 of said regulation by discontinuing on or about July 4, 1947, the services of hot water and heat to said apartments, and by discontinuing on or about October 15, 1947, the services of water, gas and electricity, and that, if the suspension of such services were allowed to continue, the tenants would be compelled to vacate the premises contrary to the provisions of Section 209 (a) of the said Housing and Rent Act of 1947. It appears from the record that janitor and garbage collection services had been or were being discontinued at the time suit was commenced.

On November 4, 1947, the temporary restraining order issued on appellee's motion, supported by the verified complaint and affidavits, restraining the appellants, among other things, from continuing to withhold, discontinue or suspend any service, particularly heat and hot water, theretofore furnished by appellants to the tenants of said apartment building who occupied apartments for which maximum rents had been paid.

The cause was set for hearing and appellants were ordered to show cause by November 14, 1947, why preliminary injunction as prayed should not be granted. On November 24, 1947, appellants were ordered to show cause why they should not be held in contempt for failing to comply with the temporary restraining order of November 4th. Appellants responded to these orders by answering the original complaint on December 2, 1947, and the following day testimony was heard in support of the complaint and answer. Appellants answered and proceeded to such hearing without responding to either rule to show cause. No attempt appears to have been made to secure a vacation or modification of the temporary restraining order. On December 4th the court made certain findings of fact and law and entered its final injunction order as prayed in the complaint. On the same day by separate order the court found appellants guilty of contempt, as aforesaid.

The appellants filed notice of appeal on December 9, 1947, specifying the order appealed from to be the judgment or order of December 4, 1947, wherein the court ordered as follows: "Order defendants adjudged guilty of contempt of court and to be committed until they have complied with the terms of the preliminary injunction made permanent herein and whereby execution has been stayed for a period of five days."

Later, on December 16, 1947, appellants filed an amended notice of appeal enlarging the scope of their appeal so as to include the decree for permanent injunction entered by the court on December 4, 1947.

In their statement of points or errors relied upon and in brief and argument, appellants have urged the invalidity of the acts of Congress and regulations pursuant thereto upon which appellee relied in instituting suit and in seeking the relief prayed. Amendments 5, 7, 10, 13 and 14 and Sections 2 and 10 of Article I and Article III of the Federal Constitution are all claimed as a shield against these acts and regulations. It is also contended that the temporary restraining order was void because it purported to restrain appellants from doing an alleged lawful act and might, therefore, be ignored, and that it was further void because no hearing was had on the application therefor.

■ It is our view that these questions are not properly before the court on the contempt charge. The temporary restraining order was issued by a court having jurisdiction of the subject matter and of the parties. It was a lawful order and appellants were required to obey it unless and until it was changed, modified or reversed without regard to the constitutionality of the acts of Congress or the said regulation by or upon which the jurisdiction of the court was invoked. United States v. United Mine Workers, 330 U.S. 258, 302, 303, 67 S.Ct. 677, 91 L.Ed. 884; Howat v. Kansas, 258 U.S. 181, 189, 190, 42 S.Ct. 277, 66 L.Ed. 550; United States v. Seidmon, 7 Cir., 154 F.2d 228; Porter v. Merhar, 6 Cir., 160 F.2d 397.

■ The appellants clearly violated the temporary restraining order. There was no error in the finding of the District Court as to such violation nor did the court exceed its jurisdiction in assessing the fine and punishing by imprisonment for such proven contempt. United States v. Seidmon, supra; United States v. Lederer, 7 Cir., 140 F.2d 136, certiorari denied, 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; Porter v. Merhar, supra; United States v. Brown, 7 Cir., 116 F.2d 455, 457; Huffman v. United States, 10 Cir., 148 F.2d 943; Timmons v. United States, 4 Cir., 158 F.2d 370; Taylor v. Bowles, 9 Cir., 147 F.2d 824; Rapp v. United States, 9 Cir., 146 F.2d 548; Carter v. United States, 5 Cir., 135 F.2d 858, 862.

■ The constitutional objections raised by appellants are properly before the Court on their appeal from the permanent injunction order. We have, therefore, considered the same, but in view of the following cases:—Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421; Bowles v. Willingham, 321 U.S. 503, 517, 64 S.Ct. 641, 648, 88 L.Ed. 892; Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L. Ed. 865, 16 A.L.R. 165; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L. Ed. 834; Steward Machine Co. v. Davis, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Taylor v. Brown, 137 F.2d 654—their contentions would seem to be wholly without merit.

■ The District Court found the facts on evidence in part disputed, which findings are now unassailable. Oates v. United States, 4 Cir., 233 F. 201; United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416; Timmons v. United States, 4 Cir., 158 F.2d 370. Under the facts and under the present state of the law we are not at liberty to disturb the findings of the lower court. Both the contempt order and the order for permanent injunction are

Affirmed.